572 P.2d 1267

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Rudolfo R. MELENDREZ,
Defendant-Appellant.**

No. 2975.

Court of Appeals of New Mexico.

Nov. 29, 1977.

William D. Teel, Acting Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis P. Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of two counts of battery upon a police officer, defendant appeals. We discuss: (1) evidentiary matters, and (2) refused instructions.

Police officers had a warrant for defendant's arrest on a charge not involved in this appeal. There is a conflict in the evidence as to the arrest of defendant in a bar, getting defendant into the police car for the ride to the police station, getting defendant out of the police car and into the lobby of the police station, and getting defendant from the lobby to the booking room in the police station. This conflict goes to the question of whether the officers used excessive force during these episodes.

None of the above episodes are involved in this appeal. The episode with which we are concerned is the fight which broke out in the booking room. The prior episodes are not involved because the testimony is to the effect that the booking room fight was a separate incident. The police officers testified that upon reaching the booking room, defendant calmed down and the handcuffs were removed from defendant. Defendant testified that he was left in the booking room, alone, for five to ten minutes, that the officers then returned, removed the handcuffs and started the booking procedures. During the booking procedures, defendant fought with both of the police officers. The convictions are based on this fight.

### Evidentiary Matters

There are three evidentiary matters. Each involves the prosecutor's cross-examination of defendant. Defendant sought a mistrial as to each item. On appeal he asserts that denial of his mistrial motions was error because each item involved prosecutor misconduct. We disagree.

■ (a) The prosecutor asked defendant if he had been arrested by Officer Tully in 1974. The defense objection was sustained and the question was not answered. This question was relevant because the defense had interjected Officer Tully's character into the case and defendant had denied having had any contact with Officer Tully prior to the arrest in this case. Thus, the asking of the question cannot be held to be prosecutor misconduct.

■ (b) On direct examination defendant testified that he had been convicted of a burglary in either 1969 or 1970. On cross-examination the prosecutor asked defendant if he had been convicted of commercial burglary in 1975. The reply was "no". Defendant moved for a mistrial, arguing that the prosecutor's questions concerning prior convictions were limited to the questions that defendant had asked on direct examination. Defendant's view is not correct. Questioning a defendant concerning prior convictions is not limited to convictions to which the defendant testifies on direct examination. Evidence Rule 609.

■ Defendant also contended that the question concerning a 1975 commercial burglary conviction was asked in bad faith. The prosecutor asked this question on the basis of records which showed that a person with the same name as defendant had been convicted of commercial burglary. The prosecutor admitted that he could not prove that the Melendrez mentioned in the records was the same person as defendant. The trial court refused to rule that the question concerning a commercial burglary conviction in 1975 was asked in bad faith. Nor can we. There are insufficient facts and circumstances for such a ruling. *State v. Williams*, 76 N.M. 578, 417 P.2d 62 (1966); *State v. Garcia*, 80 N.M. 247, 453 P.2d 767 (Ct.App.1969).

(c) Defendant was also asked, on cross-examination, whether he had been convicted of shoplifting in 1975. The defendant answered: "That is not a felony conviction." The trial court sustained defendant's objection. The jury was instructed to disregard the question and answer, that the

shoplifting conviction was not material and not to be considered in arriving at a verdict. After the jury was excused, the prosecutor insisted that the shoplifting conviction was admissible as a crime that "involved dishonesty". Evidence Rule 609(a)(2). The ensuing colloquy between the court and the prosecutor indicates the shoplifting conviction was for the violation of a city ordinance. The trial court ruled that a violation of a city ordinance was not a "crime" under Evidence Rule 609.

Evidence Rule 609(a)(2) permits evidence that defendant had been convicted of a crime, "but only if the crime . . . involved dishonesty or false statement, regardless of the punishment." Since admissibility is "regardless of the punishment" we are not concerned with the possible punishment for shoplifting in determining whether the ordinance violation was a crime. See *City of Clovis v. Curry*, 33 N.M. 222, 264 P. 956 (1928). Shoplifting is a crime under the state statute. Section 40A–16–20, N.M.S.A. 1953 (2d Repl.Vol. 6). A municipal ordinance prohibiting shoplifting would be quasi-criminal. *City of Roswell v. Gallegos,* 77 N.M. 170, 420 P.2d 438 (1966). Violation of a municipal ordinance prohibiting shoplifting comes within the meaning of "crime" in Evidence Rule 609.

Although shoplifting is a crime, is it a crime involving dishonesty as contended by the prosecutor? The Advisory Committee's Note to the proposed evidence rule on which our Evidence Rule 609 is based, states the reference to crimes involving dishonesty or false statement was intended to cover *crimen falsi.* Black's Law Dictionary (4th ed. 1951) states the phrase *crimen falsi* applies to: "A crime less than felony that by its nature tends to cast doubt on the veracity of one who commits it." Consistent with this definition, *Albertson v. State,* 89 N.M. 499, 554 P.2d 661 (1976) refers to "the policy behind Rule 609, that is, prior convictions of misdemeanors, not dealing with the veracity of the defendant, simply are irrelevant as to his credibility."

What kind of crimes cast doubt on, or involve, the veracity (truthfulness) of the defendant? Black's Law Dictionary, supra, states that the phrase, *crimen falsi,* is "used as a general designation of a class of offenses, including all such as involve deceit or falsification". While a circuit judge, Chief Justice Burger explained:

> In common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on man's honesty and integrity. Acts of violence on the other hand, which may result from a short temper, a combative nature, extreme provocation, or other causes, generally have little or no direct bearing on honesty or veracity. A "rule of thumb" thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent or assaultive crimes generally do not; traffic violations, however serious, are in the same category.

*Gordon v. United States,* 127 U.S.App.D.C. 343, 383 F.2d 936 (1967); compare *De La O v. Bimbo's Restaurant,* 89 N.M. 800, 558 P.2d 69 (Ct.App.1976).

Shoplifting involves cheating or stealing, that is, dishonest conduct, and such conduct reflects adversely on the veracity of the shoplifter. The question concerning the shoplifting conviction was a proper question. There was no misconduct when the prosecutor asked defendant about his shoplifting conviction.

### Refused Instructions

Defendant requested instructions on simple battery. The refusal of these requests is claimed as error.

Simple battery is a lesser offense included within the offense of battery upon a peace officer. *State v. Kraul,* 90 N.M. 314, 563 P.2d 108 (Ct.App.1977); §§ 40A–22–23 and 40A–3–4, N.M.S.A. 1953 (2d Repl. Vol. 6).

The State asserts that the requested instructions on simple battery were properly refused because not proper statements of the law. See *State v. Kraul,* supra. We disagree. The requested instructions were

in substantial compliance with the approved instruction, U.J.I. Crim. 3.50.

The State also asserts there was no evidence justifying submission of a simple battery instruction. See *State v. Armijo*, 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977). We agree that there was no evidence justifying submitting simple battery as a lesser offense in connection with the battery on Officer Tully. However, there was such evidence in connection with the battery on Officer Sullivan.

The booking was proceeding peacefully. According to the testimony of the police officers, they had defendant stand with his hands on a table with his legs apart while defendant's personal effects were removed from his pockets. When this was completed, according to the officers, defendant was told to sit down in a chair. When defendant made no move to comply, Officer Tully grasped defendant's left arm with his right hand intending to lead defendant to the chair. According to the officers, defendant then struck Officer Sullivan with his right hand and followed this with a blow to Officer Tully's head. Thereafter Officer Tully attempted, unsuccessfully, to put a headlock on defendant to subdue him. During this struggle, defendant took Officer Tully's gun and fought with three officers until subdued.

Defendant's version of the fight agrees substantially with the officers' version. The major difference is in how the fight began. According to defendant, he had his hands on the table with his legs apart when Officer Sullivan kicked his legs farther apart. According to defendant, he then hit Officer Sullivan. Also according to defendant, Officer Tully's involvement was in attempting to subdue defendant.

 Police officer battery requires battery upon a police officer "in the lawful discharge of his duties". Section 40A–22–23, supra. The evidence that Officer Sullivan precipitated the fight by kicking defendant is evidence of an unprivileged battery. This is evidence tending to establish the lesser offense of simple battery. See *State v. Armijo*, supra. With this evidence,

the simple battery instruction should have been given in connection with the charge involving Officer Sullivan. However, there is no evidence tending to establish the lesser offense in connection with the charge involving Officer Tully.

The judgment and sentence for the battery upon Officer Tully is affirmed. The conviction for battery upon Officer Sullivan is reversed and that charge is remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.