590 P.2d 1175

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Richard MILLER, Defendant-Appellant.**

No. 3824.

Court of Appeals of New Mexico.

Jan. 25, 1979.

Hank Farrah, Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Lawrence A. Gamble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of receiving stolen property. Section 30–16–11, N.M.S.A.1978. The trial court did not err in admitting evidence of a transaction, similar to the one for which defendant was prosecuted, under Evidence Rule 404(b). The similarity was such that the transaction went to defendant's intent, preparation, plan and knowledge, and the absence of mistake or accident. The issue for discussion involves the propriety of the cross-examination of defendant concerning specific instances of conduct. The applicable Evidence Rule is 608(b).

The tape of the trial, and the briefs, refer to some twenty-five questions. Eliminating repeated questions and the asking of the same questions with only a slight change in wording, there were twenty such questions.

There were fourteen questions going to the buying or selling of stolen property. Examples are:

Q. Isn't it true that between March and October of 1977, you also bought between ten and twenty stolen television sets from Reggie Walker knowing they were stolen?

Q. Isn't it true that between March and October of 1977, you sold stolen merchandise, that you knew was stolen, to your attorney, Bill Tull?

There was one question going to selling a diamond ring on consignment and failing to account for the money.

There was one question going to an illegal drug selling deal.

There were four questions going to hiring people to kill or threaten people. Examples are:

Q. You offered to pay Lonnie Brown to kill a man named Bobby Baldwin, didn't you?

Q. You offered to pay Lonnie Brown to threaten the lawyer who was handling the foreclosure on your home?

Over defendant's objection, the trial court permitted the questioning on the basis of *State v. Madrid*, 83 N.M. 603, 495 P.2d 383 (Ct.App.1972). In *Madrid*, supra, the two questions asked were proper under § 20–2–4, N.M.S.A.1953 (Repl.Vol. 4). See *State v. Martinez*, 57 N.M. 158, 255 P.2d 987 (1953) which approved questions concerning specific acts of misconduct. The questioning permitted under § 20–2–4, supra, was not restricted to questions concerning "truth and veracity". Section 20–2–4, supra, was repealed by Laws 1973, ch. 223, § 2.

The provision replacing § 20–2–4, supra, was Evidence Rule 608(b). As originally adopted by the Supreme Court in 1973, the pertinent portion of Evidence Rule 608(b) stated:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, if probative of truthfulness or untruthfulness and not remote in time, be inquired into on cross-examination of the witness himself . . . .

This wording appears to require only that the questions asked be probative of truthfulness or untruthfulness.

Evidence Rule 608(b) was amended effective April 1, 1976. As amended, the pertinent portion reads:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . .

As amended, not only must the question asked be probative of truthfulness or untruthfulness, they must also go to the witness' character for truthfulness or untruthfulness.

Relying on *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), the State contends that all of the questions went to truthfulness. *Sandoval*, supra, states:

To the extent, however, that the prior commission of a particular crime of calculated violence or of specified vicious or immoral acts significantly revealed a willingness or disposition on the part of the particular defendant voluntarily to place the advancement of his individual self-interest ahead of principle or of the interests of society, proof thereof may be relevant to suggest his readiness to do so again on the witness stand. A demonstrated determination deliberately to further self-interest at the expense of society or in derogation of the interests of others goes to the heart of honesty and integrity.

This broad approach to the meaning of truthfulness is inconsistent with the wording of amended Evidence Rule 608(b). 3 Weinstein's Evidence, ¶ 608[05] (1978), page 608–28 states:

Since Rule 608(b) is intended to be restrictive—and was amended to ensure that it would be restrictively interpreted by trial courts—the inquiry on cross-examination should be limited to these specific modes of conduct which are generally agreed to indicate a lack of truthfulness. The rule should not be broadened to allow questions about behavior which indicates "a disregard for the rights of others which might reasonably be expected to express itself in giving false testimony whenever it would be to the advantage of the witness." Such an approach paves the way to an exception which will swallow the rule. It is but a small step from there to the hypothesis that all bad people are liars, an unverifiable conclusion which runs counter to the doctrine that everyone is innocent until proven guilty.

The State's broad approach to the meaning of truthfulness is also inconsistent with our decisions. Considering the meaning of "dishonesty or false statement" in Evidence Rule 609(a)(2), in *State v. Melendrez*, 91 N.M. 259, 572 P.2d 1267 (Ct.App.1977), we followed the approach taken by Chief Justice Burger while a circuit judge. That approach was that convictions resting on dishonest conduct relate to credibility while violent or assaultive crimes do not. *State v. Melendrez*, supra, points out that "dishonesty or false statement" deals with veracity, and holds that shoplifting is such a crime. In *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978) we pointed out that robbery and theft involves dishonesty.

This appeal does not involve "dishonesty or false statement" under Evidence Rule 609; rather, it involves "truthfulness" under Evidence Rule 608(b). However, the Burger approach followed in *State v. Melendrez*, supra, is applicable. In *De La O v. Bimbo's Restaurant*, 89 N.M. 800, 558 P.2d 69 (Ct.App.1976) we held that drunken and abusive conduct, resisting arrest, a battery conviction, and shooting at a person were not conduct involving truthfulness.

The questions involving hiring a person to kill or threaten people were not questions concerning defendant's character for truthfulness. They were not proper questions under Evidence Rule 608(b).

The fourteen questions concerning the buying or selling of stolen property, the question concerning an arrangement to sell illegal drugs, and the question concerning failing to account for the proceeds of the sale of a diamond ring involve dishonesty. These activities reflect on the veracity of defendant, see *State v. Melendrez*, supra, and were proper questions under Evidence Rule 608(b).

Even though the questions concerning dishonest activities were proper, was it proper to allow their use? Evidence Rule 403 requires a determination of whether the probative value of such questions, going to credibility, outweighed the tendency to

prejudice the defendant. *State v. Day*, supra. We recognize that the balancing approach under Evidence Rule 403 requires the trial court to exercise its discretion, and that our review is for an abuse of discretion. *State v. Fuson*, 91 N.M. 366, 574 P.2d 290 (Ct.App.1978).

Defendant asserts the questions were "based on uncorroborated allegations by a convicted felon." In the trial court, defendant questioned the prosecutor's good faith in asking the questions. The prosecutor responded with a document, identified as State's exhibit 2, which has not been included in the appellate transcript. Absent this document, we would not be able to determine whether the prosecutor proceeded in good faith, *State v. Melendrez*, supra, but good faith is not an appellate issue in this case. Our point is that absent the exhibit, the basis for the prosecutor's questions is not a factor in determining whether the trial court abused its discretion in permitting the questioning.

We do consider the following items: (a) The questions were asked the defendant, not a non-defendant witness. See *State v. McFerran*, 80 N.M. 622, 459 P.2d 148 (Ct. App.1969). (b) The questions asked did not involve convictions. See *State v. Coca*, 80 N.M. 95, 451 P.2d 999 (Ct.App.1969). (c) The questions asked did involve crimes; any affirmative answer would, at the least, have been an admission against defendant's interest. (d) There were sixteen questions, not two as in *State v. Madrid*, supra.

■ *State v. Coca*, supra, stated that a series of questions concerning convictions, from drunkenness to aggravated assault, had a "tendency to prejudice the defendant." It is obvious that sixteen questions asking for admissions concerning crimes which, from the wording of the questions would have been felonies, did more than "tend" to prejudice the defendant. The questions were prejudicial.

None of the crimes included in the questions were involved in the trial of this case. The only purpose of the questions was to test defendant's credibility. *State v. Coca*, supra. The crimes involved in the questions could not be proved by extrinsic evidence. Evidence Rule 608(b). Defendant answered each of the questions in the negative.

What then was the probative value of the questions? There was none. Under the balancing test required by Evidence Rule 403, the trial court abused its discretion in permitting the questioning because the questions were prejudicial and, in light of the answers, there was no probative value.

■ We do not hold that a question under Evidence Rule 608(b), which asks for an admission concerning a felony, can never be asked. Our holding is that any one of such questions is prejudicial, see *State v. Rowell*, 77 N.M. 124, 419 P.2d 966 (1966) and, if there is nothing indicating the question has probative value on the question of credibility, it is an abuse of discretion to permit the question. When the question is under Evidence Rule 608(b), a prosecutor, who seeks to have a defendant make an admission concerning a felony when there has been no conviction, hazards a reversal absent a showing of probative value because of the prejudicial nature of the question.

The conviction is reversed; the cause is remanded for a new trial.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.