599 P.2d 389

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles BROWN, Defendant-Appellant.**

**No. 3730.**

Court of Appeals of New Mexico.

March 22, 1979.

Jeff Bingaman, Atty. Gen., Janice M. Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Ron H. Ricks, Santa Fe, William D. Teel, John L. Walker, Albuquerque, for defendant-appellant.

## OPINION

WOOD, Chief Judge.

■ This Court reversed defendant's conviction of assault, with a firearm, upon two police officers with intent to commit a violent felony. *State v. Brown*, 91 N.M. 320, 573 P.2d 675 (Ct.App. 1977). Defendant has been retried and again convicted of those offenses. Section 30–22–23, N.M.S.A. 1978. He again appeals. Issues listed in the docketing statement, but not briefed, were abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App. 1977). 1. All but one of the issues briefed are answered summarily. 2. We discuss the self-defense instructions.

*Issues Answered Summarily*

■ (a) Section 30–22–23, supra, requires the assault to have been upon officers in the lawful discharge of their duties. Defendant claims he was entitled to a directed verdict because the officers were not in the lawful discharge of their duties when defendant shot the officers. Assuming, but not deciding, that there was evidentiary

support for the several lawful discharge claims made, defendant was not entitled to a directed verdict. The lawful discharge question was for the jury to decide; the instructions submitted the question to the jury. See *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978) for a definition of lawful discharge of duties.

■■■ (b) Defendant asserts due process was violated because he was convicted of crimes not shown by the evidence to have been committed. Arguing that assault is an attempted battery that failed, defendant claims he committed battery, and not assault, because some of his shots hit the officers. This contention disregards § 30–22–21(A)(2), N.M.S.A. 1978, which defines assault to include an unlawful act which caused the officers to reasonably believe they were in danger of receiving an immediate battery. The fact that defendant's gunfire hit the officers does not show an absence of evidence of assault, because there was evidence of an assault under § 30–22–21(A)(2), supra. Defendant also claims "the officers were not fearful and did not consider themselves in danger until after the battery occurred." This claim ignores the testimony, of the officers and defendant, that the officers were scared and reasonably believed they were in danger of receiving an immediate battery before defendant began shooting.

■■■ (c) The first paragraph of an instruction, requested by defendant, was given by the trial court. This paragraph quoted the municipal ordinance on "concealing identity". Defendant claims the trial court erred in refusing to give the second paragraph of the requested instruction. This second paragraph would have informed the jury that the "Ordinance does not impose criminal liability for failing to speak to police officers . . . ." Inasmuch as the jury had been instructed as to what the ordinance *did cover* (concealing identity with intent to hinder a police officer), there was no error in refusing to instruct the jury as to what was *not covered* by the ordinance.

■■■ (d) Another requested instruction of defendant, going to the propriety of a police officer stopping a person for identification, was properly refused because the basis for an investigatory stop was covered in other instructions.

■■■ (e) A defense witness testified as to the contents of several exhibits, however, the exhibits themselves were excluded by the trial court. Defendant recognizes that exhibits I through O were properly excluded under Evidence Rule 803(18). Defendant complains of the exclusion of exhibits P through S. Inasmuch as the jury heard testimony from the defense witness, as to the contents of the exhibits, the question is whether the trial court abused its discretion. The taped transcript does not show an abuse of discretion. *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977).

*Self-Defense Instructions*

U.J.I. Crim. 41.41 is a self-defense instruction approved for use when the defendant kills the victim. Defendant requested, and the trial court gave, a modified version of this instruction. The modification was necessary because neither of the police officers was killed. The modification eliminated the references in U.J.I. Crim. 41.41 to "killed" and "killing" and substituted "shot at" and "shooting".

U.J.I. Crim. 41.51 is another self-defense instruction. This instruction was requested by the prosecution and given without modification. As given, the instruction included bracketed paragraph 3 in the approved instruction. This paragraph reads: "The force used by defendant ordinarily would not create a substantial risk of death or great bodily harm . . . .." The Use Note states that this bracketed paragraph is to be used "only if the defendant's action resulted in death or great bodily harm." We emphasize that this portion of the instruction goes to the force used by defendant and not the force against which defendant was defending.

Another Use Note to U.J.I. Crim. 41.51 states that the instruction is to be used "if defense from non deadly attack or defense

**239**

from deadly attack." This goes to the force being defended against. Use of the instruction in connection with a "deadly attack" raises a question as to the appropriateness of the Use Note. Why? Because the opening sentence of U.J.I. Crim. 41.51 limits this instruction to defense from "an attack which ordinarily would not have resulted in death or great bodily harm."

The questionable reference to "deadly attack" in the Use Note to U.J.I. Crim. 41.51 points up the problem with framing the appropriate self-defense instructions in this case. If the defense was from an attack which ordinarily *would* result in death or great bodily harm, U.J.I. Crim. 41.51 would not be applicable. Yet, if the defense did not result in a killing, U.J.I. Crim. 41.41 would not be applicable. Faced with this problem, the trial court properly gave a modified version of U.J.I. Crim. 41.41.

In settling the instructions, the trial court explained that both self-defense instructions would be given because there was evidence which, if believed by the jury, supported both instructions. Defendant does not claim an insufficiency of the evidence to support these two instructions.

In the trial court, defendant objected to the instruction taken from U.J.I. Crim. 41.51 claiming it was an incorrect statement of the law. No such claim is argued on appeal.

Defendant's appellate claim is that the two instructions are conflicting and confusing. They are not. Modified instruction U.J.I. Crim. 41.41 applied to a defense based on the appearance of death or great bodily harm to the defendant. U.J.I. Crim. 41.51 applied to a defense from an attack which ordinarily would not have resulted in death or great bodily harm. The jury could apply either or neither of the instructions, depending on its determination of the facts of the case.

The wording of each instruction states when that instruction would be applicable. An additional instruction, explaining that the applicability of the two defense instructions depended on the jury's determination of the facts, might have been helpful. Such an additional instruction was not requested. Defendant did not claim, in the trial court, that the two instructions conflicted or were confusing. See N.M.Crim.App. 308. There is no problem in this case comparable to the instruction problems discussed in *State v. Day*, 90 N.M. 154, 560 P.2d 945 (Ct.App. 1977); *State v. Durham*, 83 N.M. 350, 491 P.2d 1161 (Ct.App. 1971); and *State v. Buhr*, 82 N.M. 371, 482 P.2d 74 (Ct.App. 1971).

There being a basis in the evidence for each of the self-defense instructions, and each instruction stating the basis for its factual application, the instructions were neither conflicting nor confusing. In these circumstances it would not have been error to refuse an additional instruction explaining how to apply the self-defense instructions, and it was not error to fail to give such an additional instruction which was not requested. Rule of Crim.Proc. 41(d).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.