601 P.2d 448

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael RHEA, Defendant-Appellant.**

**No. 4016.**

Court of Appeals of New Mexico.

Sept. 20, 1979.

John B. Bigelow, Chief Public Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of aggravated assault on a peace officer and escape from custody of a peace officer. Sections 30–22–22(A)(1) and 30–22–10, N.M. S.A.1978. Issues listed in the docketing statement, but not briefed, were abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.1977). Substantial evidence supports the escape conviction. Enhancement of the sentences for use of a firearm did not violate double jeopardy. *State v. Gabaldon*, 92 N.M. 230, 585 P.2d 1352 (Ct. App.1978). The one issue requiring discussion involves the propriety of the instruction stating the elements of the offense of aggravated assault on a peace officer.

Section 30–22–22, supra, defines the offense in terms of the victim—a peace officer in the lawful discharge of his duties. The offense in this case involved striking at or assaulting such a peace officer with a deadly weapon. There is an approved instruction for this offense; it is U.J.I. Crim. 22.01.

The trial court modified the approved instruction. U.J.I. Crim. 22.01 states, as element 5:

At the time, _____ was a
name of victim
_____ and was performing his
official title
duties [.]

The trial court's instruction, as to this element, states:

At the time, Bob Rodgers was a Patrolman for the Hobbs Police Department[.]

The jury was not instructed that Rodgers must have been performing his duties. However, defendant raised no issue in the trial court concerning the propriety of the instruction; the departure from the approved instruction is not an issue.

Defendant claims fundamental error in the failure to instruct on essential elements of the offense. Failure to instruct on an essential element is reversible error. *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977). The question is whether the instruction omitted essential elements.

Section 30–22–22, supra, requires the officer to have been "in the lawful discharge of his duties[.]" U.J.I. Crim. 22.-01 does not include lawfulness as an item to be decided by the jury. The Committee Commentary to U.J.I. Crim. 22.01 states: "The committee was of the opinion that the issue of lawfulness was almost always a

question of law to be decided by the judge." Inasmuch as "lawfulness" is not an item included in the approved instruction, this Court has no authority to hold that the omission of "lawfulness" from the instruction was error. *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). In addition, in light of *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978), we agree with the Committee Comment. We do not speculate as to when "lawfulness" might become a jury issue; however, it was not a jury issue in this case, and there was no error in the failure to include "lawfulness" as an element in the jury instruction.

Section 30–22–22, supra, requires the officer to have been in the "discharge" of his duties. This provision is included in the approved instruction by the phrase "and was performing his duties[.]" This provision was omitted. The State asserts the omission was not fundamental error because the omission did not involve an essential element of the offense.

■ What is, or is not, an essential element of an offense depends upon the statutory language, *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976). This is a "knotty semantic problem" according to *State v. Bell*, supra.

Relying on *State v. Bell*, supra, the State contends whether the officer was performing his duties was no more than a "subsidiary fact" on which the jury was not required to be instructed. We disagree.

A comparison of the general assault and battery statutes, compiled in Chapter 30, Article 3, N.M.S.A.1978, with the assault and battery statutes involving peace officers, compiled in Chapter 30, Article 22, N.M.S.A.1978, shows that the Legislature has provided that assault and battery upon a peace officer is a higher felony degree. An aggravated assault in violation of § 30–3–2(A), N.M.S.A.1978 is a fourth degree felony; the same aggravated assault, where the victim is a peace officer, in violation of § 30–22–22(A)(1), supra, is a third degree felony. The difference between the two offenses, which justifies the different felony degrees, is that the peace officer

must have been in the lawful discharge of his duties. Compare *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977); *State v. Cutnose*, 87 N.M. 307, 532 P.2d 896 (Ct. App.1974). If, as the State contends, performance of duties is not essential to a decision as to whether peace officer assault has occurred, the result would be to eliminate the distinction between the general and peace officer assault statutes. We may not eliminate that distinction. "The statute is to be read to mean what it says, no more and no less." *State v. Caruso*, 44 Wis.2d 696, 172 N.W.2d 195 (1969).

■ The requirement that the peace officer be performing his duties is an element of peace officer assault upon which the jury must be instructed. *United States v. Tijerina*, 407 F.2d 349 (10th Cir. 1969); *People v. Barrett*, 54 Ill.App.3d 994, 12 Ill.Dec. 624, 370 N.E.2d 247 (1977); *State v. Ramsdell*, 109 R.I. 320, 285 A.2d 399 (1971); see *State v. Jefferies*, 17 N.C.App. 195, 193 S.E.2d 388 (1972).

The approved instruction, U.J.I. Crim. 22.01, includes the provision that the officer be performing his duties. The General Use Note states:

> When a Uniform Instruction is provided for the elements of a crime . . . the Uniform Instruction must be used without substantive modification or substitution. In no event may an elements instruction be altered . . . ."

In approving the instructions, the Supreme Court adopted the instructions "with Use Notes . . . ."

The New Mexico requirement that the jury be instructed that the officer must have been performing his duties, and the restriction on fiddling with an elements instruction, indicates that the officer's performance is an essential element of the crime. This New Mexico requirement is consistent with the above-cited decisions from other jurisdictions and with the difference in statutory provisions, discussed above.

■ The failure to instruct, in accordance with U.J.I. Crim. 22.01, that the officer

must have been performing his duties, was the omission of an essential element. This omission requires reversal of the conviction of aggravated assault upon a peace officer. In so holding, we point out that efforts to reduce legislative provisions defining the offense to "subsidiary facts" raises problems in that such efforts spawn litigation. See the discussion in *State v. Bell*, supra. These efforts need not occur where the Supreme Court has approved instructions; the approved instructions need only be followed.

The State's reliance on *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct.App.1977) is misplaced. *Padilla* dealt with "a failure to instruct the jury on a definition or amplification of the elements of a crime . . ." This case deals with a failure to instruct on an essential element.

The judgment and sentence for the escape conviction is affirmed. The conviction for aggravated assault on a peace officer is reversed. The cause is remanded for a new trial on the aggravated assault offense.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.