603 P.2d 320

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Peter CHACON and Orlando Chacon,
Defendants-Appellants.**

**No. 4052.**

Court of Appeals of New Mexico.

Dec. 4, 1979.

Rehearing Denied Jan. 8, 1980.

Writ of Certiorari Denied Feb. 19, 1980.

**582**

John B. Bigelow, Chief Public Defender, Santa Fe, Mark H. Shapiro, Asst. Appellate Defender, Raymond G. Sanchez, Albuquerque, for defendants-appellants.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendants Peter Chacon and Orlando Chacon were convicted by a jury of aggravated battery not resulting in great bodily harm contrary to § 30–3–5(B), N.M.S.A. 1978. Both defendants appeal. We hold that reversible error in one aspect of self-defense as to each defendant is dispositive of their appeal.

We find no merit in defendants' claim of conflict between their separate attorneys. In addition, we see no need to address the claim that the trial court abused its discretion in refusing to permit an undisclosed witness to testify because this cause will be remanded for a new trial. However, see *State v. Montoya*, 91 N.M. 752, 580 P.2d 973 (Ct.App. 1978) and *State v. Helker*, 88 N.M. 650, 545 P.2d 1028 (Ct.App. 1975).

A summary of the critical evidence is that both defendants were in Peter's car at a vacuum cleaning station at the victim's car wash. Annoyed that Peter had broken a glass bottle near the car wash, the victim shattered the front side window of Peter's car with a piece of angle iron. When Peter got out of his car the victim hit him three times on his back and Peter fell to the ground. Hereupon, Orlando got out of the car and took away the piece of angle iron from the victim and threw it away. Both defendants then began hitting the victim.

■ The only instructions pertaining to self-defense given the jury were N.M.U.J.I. Crim. 41.60, N.M.S.A. 1978:

A person who is threatened with an attack need not retreat. In the exercise of his right of self-defense, he may stand his ground and defend himself.

and N.M.U.J.I. Crim. 41.61, N.M.S.A. 1978:

Self-defense is not available to the defendant if he [started the fight]  *  *  *.

The giving of U.J.I. Crim. 41.60 was erroneous as to both defendants. There was no evidence of a threat of an attack. The testimony justifying self-defense instructions shows an attack without warnings or threats.

■ Defendant Peter Chacon contends that refusal to grant a defense of property instruction was erroneous as to him. We disagree. Under the facts of this case, he was personally attacked before he could perform an act in defense of his automobile; and his defense of property theory would be subsumed under his defense of self instruction.

■ Although N.M.U.J.I. Crim. 41.51, N.M.S.A. 1978 was requested, this instruction delineating the elements of self-defense was not given. This was error as to

the defendant Peter Chacon. The giving of U.J.I. Crim. 41.61 was not a complete self-defense instruction. The Committee Commentary to U.J.I. Crim. 41.61 reads:

In *State v. Pruett*, 24 N.M. 68, 172 P. 1044 (1918), the court stated that an instruction on this subject, or at least some part of it, is habitually given in New Mexico with instructions on self-defense * * *.

See also *State v. Harrison*, 81 N.M. 623, 471 P.2d 193 (Ct.App. 1970).

■ Additionally, we observe that the defendant Peter Chacon requested U.J.I. Crim. 41.51 with a draft that omits the "not" from the first sentence which reads:

Evidence has been presented that defendant acted while defending himself from an attack which ordinarily would not have resulted in death or great bodily harm.

Use Note 1 to that instruction reads, "For use if defense from nondeadly attack or defense form deadly attack." Thus, it is clear that the "not" in the first sentence of this instruction is to be omitted if the victim assaulted the defendant with deadly force. See also *State v. Brown*, 93 N.M. 236, 599 P.2d 389 (Ct.App. 1979).

However, it would appear that when the "not" is omitted from the first sentence of U.J.I. Crim. 41.51, the bracketed paragraph 3, "[3. The force used by defendant ordinarily would not create a substantial risk of death or great bodily harm; * * * ]" should not be included. *State v. Horton*, 57 N.M. 257, 258 P.2d 371 (1953) clearly permits a defendant assailed by a deadly force to defend himself with a force that would create "a substantial risk of death or great bodily harm."

Thus, defendant Peter Chacon's requested instruction which included paragraph 3 of U.J.I. Crim. 41.51 might have been technically deficient. However, under the circumstances of this case, he sufficiently alerted the trial court to the need for a self-defense instruction. Compare *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976); see also *State v. Heisler*, 58 N.M. 446, 272 P.2d 660 (1954).

Thus, as to defendant Peter Chacon, the giving of U.J.I. Crim. 41.60 was improper and the giving of U.J.I. Crim. 41.61 did not adequately present his self-defense theory to the jury.

■ Addressing ourselves to the defendant Orlando Chacon, we find that the refusal to instruct the jury on his theory of self-defense constitutes reversible error. Under the testimony at trial, the sole justification for a defense instruction as to defendant Orlando Chacon was defense of another. His request, pursuant to N.M.U.J.I. Crim. 41.52, N.M.S.A. 1978, was refused. The absence of an instruction on defendant Orlando Chacon's theory of self-defense constituted a failure of the court to perform its duty to instruct on all issues warranted by the evidence. *State v. Heisler, supra.*

As to both defendants, this case is reversed and remanded for a new trial.

IT IS SO ORDERED.

HERNANDEZ, J., concurs.

ANDREWS, J., specially concurs.

ANDREWS, Judge (specially concurring).

I agree with the proposed opinion that the trial court erred in failing to give the jury the basic self-defense instructions. However, I think the opinion is incorrect insofar as it holds that the no duty to retreat instruction, U.J.I. Crim. 41.60, was improperly given in the case of *Peter.* It appears that there was substantial evidence to the effect that the victim smashed the front window on the driver's side and hit Peter on the back three times with an angle iron while Peter was either in the driver's seat or was getting into the car. To me this gives rise to the clear inference that Peter had the opportunities to retreat; immediately after the victim had shattered his car window and began to beat him he was sitting in the driver's seat of his car and had the option of avoiding further trouble simply by driving away. There are few situations in which instruction 41.60 are more clearly called for.

The proposed opinion simply states that "there was no evidence of a threat of an attack. The testimony justifying self-defense instructions shows an attack without warnings or threats." While it is true that Mace took aggressive action without making any initial threat, those actions, smashing the car window and beating Peter, constitute a threat of further injury. *See State v. Barber*, 93 N.M. 782, 606 P.2d 192 (N.M. Ct.App., 1979). Any other interpretation destroys the entire self-defense argument because Peter would have acted only after all the foreseeable damage had been done; such actions would have amounted to revenge rather than self-defense.