632 P.2d 1196
STATE of New Mexico,
Plaintiff-Appellee,

v.

Robert Elliott WYMAN,
Defendant-Appellant.

No. 5066.

Court of Appeals of New Mexico.

Aug. 4, 1981.

Sarah M. Singleton, Pickard & Singleton, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Eddie Michael Gallegos, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Convicted of criminal penetration, § 30–9–11(C), N.M.S.A. 1978, and burglary, § 30–16–3(A), N.M.S.A. 1978, defendant appeals. Defendant testified. The trial court permitted the prosecutor to cross-examine defendant concerning specific instances of misconduct committed when defendant was a child. See § 32–1–3(A), N.M.S.A. 1978. We (1) discuss the relation of Evidence Rules 608 and 609; and (2) answer other contentions summarily.

Defendant answered "no" when asked:

(a) if he committed embezzlement in Alamogordo on August 6, 1977; and

(b) if he committed school burglary in Alamogordo on October 22, 1974.

Defendant answered "yes" when asked:

(a) if he committed auto theft in Alamogordo on January 21, 1976;

(b) if he committed residential burglary in Alamogordo on October 22, 1974;

(c) if he committed auto theft in Alamogordo on September 26, 1974;

(d) if he committed residential burglary and theft of a knife on February 20, 1973; and

(e) if he committed residential burglary and larceny in Alamogordo on July 28, 1972.

*Relation of Evidence Rules 608 and 609*

The pertinent part of Evidence Rule 608(b) reads:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . .

For the purpose of attacking the credibility of a witness, Evidence Rule 609 permits cross-examination as to whether the witness had been convicted of certain crimes. Evidence Rule 609(c) states: "Evidence of juvenile adjudications is generally not admissible under this rule."

The prosecutor's questions, outlined above, did not ask about juvenile adjudications, and no evidence as to juvenile adjudications was presented.

The prosecutor's questions went to specific instances of conduct. Such questions were permissible under Evidence Rule 608(b). Defendant claims the questions should not have been permitted because the questions had the effect of circumventing Evidence Rule 609(c). Defendant asserts the prohibition against use of juvenile adjudications was "a policy determination that a minor's conduct is not to be used against him for the rest of his life"; that "allowing

inquiry into the acts underlying a juvenile adjudication is inconsistent with the policy" of Rule 609(c). We disagree.

Evidence Rule 608(b) authorizes specific conduct questioning "other than conviction of crime as provided in Rule 609". This wording indicates that questioning permitted under Evidence Rule 608(b) is separate from, and in addition to, questioning permitted under Evidence Rule 609. Although Evidence Rule 609(c) generally excludes evidence of juvenile adjudications from the permitted questioning concerning prior convictions, this exclusion does not prohibit questioning permitted by Evidence Rule 608(b). If, as defendant contends, the intent was to exclude the specific conduct as well as the adjudication, such intent is not reflected in the wording of Evidence Rule 608, which is silent as to the conduct of juveniles.

■■ Evidence admissible for one purpose is not to be excluded because inadmissible for another purpose. *State v. Padilla*, 90 N.M. 481, 565 P.2d 352 (Ct.App. 1977). Specific conduct, admissible on cross-examination to attack credibility, is not to be excluded because an adjudication based on that conduct is excluded.

*Issues Answered Summarily*

■ (a) Defendant contends the cross-examination as to specific conduct was inadmissible under Evidence Rule 608(b) because not probative of truthfulness or untruthfulness. Questions concerning embezzlement, burglary, auto theft and larceny involve dishonesty, were probative as to truthfulness and were proper cross-examination under Evidence Rule 608(b). *State v. Miller*, 92 N.M. 520, 590 P.2d 1175 (Ct. App. 1979); *State v. Melendrez*, 91 N.M. 259, 572 P.2d 1267 (Ct.App. 1977).

■ (b) Defendant claims that any questioning under Evidence Rule 608(b) was improper. Defendant does not claim the prosecutor's questions were in bad faith. See *State v. Sluder*, 82 N.M. 755, 487 P.2d 183 (Ct.App. 1971). Rather, the contention is that the trial court did not require the prosecutor to make a showing as to the factual basis for the questions.

The trial court inquired as to the basis for the prosecutor's questions. The prosecutor stated the questions were based on "[p]olice reports, coupled with the Defendant's own confession" and "I have checked it out". When defendant suggested that the prosecutor "put into the record the basis for the information that's going to be asked," the trial court stated that could be done later. We have only a partial record; we do not know whether the basis for the prosecutor's questions were "put into the record" in the trial court. The partial record shows an inquiry as to the "veracity" of the prosecutor's questions; thus, the procedure herein was not contrary to *State v. Christopher*, 94 N.M. 648, 615 P.2d 263 (1980).

■ (c) Defendant asserts the trial court erred in refusing to rule that the prejudicial effect of the questions outweighed their probative value. The partial record shows that the trial court proceeded carefully and exercised its discretion. The trial court limited the type and form of the questions, and permitted the questions outlined above only because defendant had "opened" his good conduct through the testimony of two defense witnesses. The trial court stated:

[T]hey can't ask him if he has ever been convicted of his juvenile record, but they have a right to show that he is just not a number-one, one hundred percent all American good boy, which is the impression the jury is going to get without asking these questions. And the Court feels that you haven't—you having opened it up, they are entitled to do something about it on impeachment.

■ (d) Defendant contends the trial court should have given an instruction on the limited purpose of the cross-examination. See *State v. Christopher*; Evidence Rule 105; and U.J.I. Crim. 40.27. There is no suggestion that defendant requested such an instruction. See Use Note to U.J.I. Crim. 40.27.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ, C.J., and LOPEZ, J., concur.