642 P.2d 210

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Antonio GONZALES, Defendant-Appellant.**

No. 5382.

Court of Appeals of New Mexico.

Feb. 25, 1982.

Paula G. Burnett, Kennedy & Steinmetz, Grants, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

Defendant appeals his conviction of battery on a peace officer. Section 30–22–24, N.M.S.A.1978. The issues involve the trial court's refusal: (1) to instruct on battery as a lesser included offense and (2) to give approved instructions on self-defense.

Defendant was involved in a fight at a bar. Officers, responding to a "fight" call, observed defendant, with others, in a car in the bar's parking lot. Defendant was bleeding from his head; during the fight he had been struck on the head with a beer bottle.

Officer Cassady ordered those in the car to get out and asked if anyone wanted to file criminal charges in connection with the fight. The response was negative. The people in defendant's group were directed to remain while officers checked with people inside the bar. Cassady had started into the bar when his lieutenant emerged from the bar and directed Cassady to "ID all the subjects I was talking to."

Cassady returned to defendant's group and asked for identification; defendant refused to provide identification. Cassady placed defendant under arrest for concealing identity, a petty misdemeanor. Section 30–22–3, N.M.S.A.1978. When Cassady started to place handcuffs on defendant a fight occurred. Defendant's conviction is based on this fight.

Defendant was also charged with aggravated assault in connection with the bar fight. The jury acquitted defendant of the assault charge.

*Failure to instruct on battery as a lesser included offense.*

Simple battery, § 30–3–4, N.M.S.A.1978, is a lesser offense included within the offense of battery upon a peace officer, § 30–22–24, supra. *State v. Melendrez*, 91 N.M. 259, 572 P.2d 1267 (Ct.App.1977); *see State v. Wardlow*, 95 N.M. 585, 624 P.2d 527 (1981).

To commit battery upon a peace officer, the officer must be in the lawful discharge of his duties. Section 30–22–24, *supra.* An officer is in the lawful discharge of his duties if he is acting within the scope

of what he is employed to do. *State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978).

The approved instruction on peace officer battery, UJI Crim. 22.10, Judicial Pamphlet 19, N.M.S.A.1978 (orig. pamphlet) provides only that the peace officer be performing his duties; the word "lawful" is not used. The committee commentary to UJI Crim. 22.00, Judicial Pamphlet 19, *supra*, states "that the issue of lawfulness was almost always a question of law to be decided by the judge." *See State v. Rhea*, 93 N.M. 478, 601 P.2d 448 (Ct.App.1979). The difference between the approved instruction on simple battery, UJI Crim. 3.50, Judicial Pamphlet 19, *supra*, and UJI Crim. 22.10 is that the officer must have been performing his duties. *See State v. Rhea, supra*. There is no issue as to "lawful" discharge of duties in this case; the peace officer battery instruction given and the simple battery instruction refused were approved instructions.

In defining lawful discharge or performance of duties, *State v. Doe, supra*, pointed out there was no evidence that the officers, in that case, were using excessive force. If there was evidence that the peace officer used excessive force, there was a factual issue for the jury as to whether the officer acted within the scope of what he was employed to do, and thus a factual issue as to whether the officer was performing his duties. If there was a factual issue as to performance of duties, defendant was entitled to his requested instruction on simple battery as a lesser included offense. *State v. Brown*, 93 N.M. 236, 599 P.2d 389 (Ct. App.1979); *State v. Melendrez, supra; compare State v. Wardlow, supra*.

The Attorney General contends that the simple battery instruction was properly refused because there was no evidence justifying an instruction on simple battery as a lesser included offense. The Attorney General's brief quotes certain testimony of defendant as support for this argument; however, other testimony is omitted with the result that the testimony relied on has been distorted. *See State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979). We remind those who

prepared the brief that assistants to the Attorney General, like trial prosecutors, have the duty to be fair. *State v. Hill*, 88 N.M. 216, 539 P.2d 236 (Ct.App.1975).

The evidence is uncontradicted that the arrest occurred because defendant refused to provide identification to Cassady. The Attorney General asserts that defendant testified that he was resisting arrest. Defendant's complete answer was: "I was just resisting arrest, or just failing to show identification at the whole point." It is undisputed that defendant knew that Cassady was a police officer and was investigating the bar fight. The Attorney General argues that in light of these facts there was no factual issue as to whether Cassady was performing his duties. This argument overlooks evidence that Cassady used excessive force.

After being arrested for failure to provide identification, it is undisputed that Cassady grabbed defendant's left arm. Defendant testified that Cassady's intentions were obvious; that Cassady was going to put defendant's hands behind his back and handcuff him. Before this was done, it is undisputed that Cassady hit defendant in the face. Defendant fought back; his fighting back resulted in the charge of peace officer battery.

Cassady testified "as I grabbed his [defendant's] left wrist, I noticed that he had his right hand made into a fist, and he crouched to start coming around. I then struck him in the side of the face." Cassady testified that he struck defendant as "a distractionary move." Cassady testified that defendant was belligerent and that he "knew there would be a struggle" when defendant refused to produce identification. An inference from the testimony is that, of the participants in the fight, only defendant and his group were asked for identification.

Defendant testified that he refused to produce identification because of the way Cassady approached him; that Cassady was belligerent and called defendant a "punk." Defendant testified that he "might" have made a fist after Cassady grabbed his arm, but denied that he went into a crouch.

Defendant testified that before Cassady hit him, defendant did not touch Cassady and was not going to hit Cassady.

It is undisputed that Cassady struck the first blow; after being hit by Cassady, defendant fought back. It is also undisputed that defendant went peacefully to the police station, without handcuffs, with another police officer.

The trial court recognized that there was a factual issue as to whether Cassady used excessive force—the so-called "distraction-ary" blow to defendant's head that started the fight. We agree. *Mead v. O'Connor*, 66 N.M. 170, 344 P.2d 478 (1959) states:

Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests or to preserve the peace. When acting in good faith, the courts will afford them the utmost protection, and they will recognize the fact that emergencies arise when the officer cannot be expected to exercise that cool and deliberate judgment which courts and juries exercise afterwards upon investigations in court. *However, it devolves upon the jury, under the evidence in the case and proper instructions of the court, to resolve these questions.* (Our emphasis.)

■ In light of the evidence of Cassady's use of excessive force, there was a factual question, to be resolved by the jury, of whether Cassady was performing his duties. The trial court erred in failing to give the lesser included instruction on simple battery.

*Instructions on self-defense*

The jury was instructed:

One does have a right to defend oneself from a police officer. This right exists whether the attempted arrest is lawful or unlawful. This right, however, is limited. One may defend oneself against excessive use of force by the officer. One does not have the right to self defense when the officer is using necessary force to effect an arrest.

This instruction is based on *State v. Kraul*, 90 N.M. 314, 563 P.2d 108 (Ct.App.1977).

No other instruction was given on self-defense. The trial court was of the view that the above quoted instruction excluded all other self-defense instructions; "you're entitled to one or the other." Defendant contends the trial court's ruling was error. We agree.

The above quoted instruction is a limitation on the right of self-defense. It does not exclude a definition of self-defense. *See* UJI Crim. 41.51, Judicial Pamphlet 19, N.M.S.A.1978 (1981 Supp.). Nor does the quoted instruction exclude an explanation of the exercise of self-defense, or other limitations on self-defense. *See* UJI Crim. 41.60 and 41.61, Judicial Pamphlet 19, N.M. S.A.1978. When the above quoted instruction is applicable, the approved self-defense instructions may need to be modified for an orderly explanation of the self-defense issue. *See State v. Brown, supra.* However, if only the above quoted instruction is given, the explanation of self-defense, in the instructions, is incomplete.

■ Although the trial court was in error in its view that the above quoted instruction excluded all other self-defense instructions, this did not amount to reversible error. Defendant contends that the trial court erred in failing to give UJI Crim. 41.51 and 41.60. No such instructions were requested in writing. At the conference settling the instructions, the appropriateness of additional self-defense instructions was discussed, but the references in the transcript are to UJI Crim. 41.61; an inapplicable instruction. On appeal defendant states that we should consider this to be a reference to UJI Crim. 41.51. The transcript, with its reference to UJI Crim. 41.61, is certified to be correct by the court reporter and there is nothing suggesting defendant sought a correction of the transcript. *See* N.M.Crim.App. 209(c). It was defendant's burden to provide a record sufficient to demonstrate reversible error in refusing self-defense instructions. *State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). He has not done so.

For failure to instruct on the lesser included offense of simple battery, the judgment and sentence are reversed. Defendant is to be given a new trial.

IT IS SO ORDERED.

HENDLEY and NEAL, JJ., concur.