64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 J. Concepcion REYNAGA, as personal representative of Alfredo
Rendon, Sr., Deceased, Plaintiff-Appellant,
v.
BERNALILLO, COUNTY OF; James Gonzalez, Defendants-Appellees.
 No. 94-2182.
(D.C.No. CIV-93-765-JC).
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1995.
 
 Before MOORE, SETH and EBEL, Circuit Judges.
 ORDER AND JUDGMENT[1]
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff J. Concepcion Reynaga is the personal representative of Alfredo Rendon, who was killed by James Gonzalez, a Bernalillo County deputy sheriff. Plaintiff sued Gonzalez and Bernalillo County, alleging unlawful use of deadly force, in violation of 42 U.S.C.1983, and a state-law claim for battery. The jury returned a verdict for defendants on all claims and plaintiff now appeals. Plaintiff challenges the district court's instructions to the jury regarding the elements of battery and the use of excessive force, and lack of instruction on the legality of a citizen's arrest. Plaintiff also argues that the district court erred in excluding certain damages under 1983. We exercise jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 On May 10, 1993, Rendon was robbed of the cash in his wallet. The robber fled by car and Rendon chased him. With his truck, Rendon rear-ended the robber's car. Both men exited their vehicles and a struggle ensued. Deputy Sheriff Gonzalez, who was off-duty and not in uniform at the time, happened to drive by the collision. He observed one man swinging a machete and the other man using his hands to block the machete's blows. Rendon was the man with the machete. Gonzalez stopped his car, got out, and, with gun in hand, approached the two men. As he approached, he observed Rendon holding the machete to the other man's throat. Three times, Gonzalez ordered Rendon to drop the machete.[2] When Rendon refused, Gonzalez shot him three times. Minutes later, Rendon died.
 
 
 4
 Plaintiff alleged that Gonzalez battered Rendon and unlawfully used excessive force. Regarding the state-law battery claim, plaintiff argues on appeal that the district court's instruction to the jury improperly required proof that Gonzalez used "unlawful force" against Rendon. The district court rejected plaintiff's proposed instruction, which omitted the word "unlawful" and would have merely required proof that Gonzalez intentionally used offensive force against Rendon.
 
 
 5
 To determine whether the district court correctly instructed the jury, this court "consider[s] all the jury heard, and from the standpoint of the jury, decide[s] not whether the charge was faultless in every particular, but whether the jury was misled in any way and whether it had understanding of the issues and its duty to determine these issues." King v. Unocal Corp., 58 F.3d 586, 587 (10th Cir.1995) (citations and quotations omitted). An incorrect instruction requires reversal "only if [this court] has substantial doubt whether the instructions, taken together, properly guided the jury in its deliberations." Mitchell v. Mobil Oil Corp., 896 F.2d 463, 468 (10th Cir.), cert. denied, 498 U.S. 898 (1990).
 
 
 6
 We find no error in the district court's battery instruction. The instruction comports with the general rule that a law enforcement officer "is not civilly liable for" using "such force as may reasonably be necessary in the enforcement of law and the preservation of order." 6 Am.Jur.2d Assault and Battery 125 (1963). Speaking of an assault by a police officer, the New Mexico Court of Appeals has explained that "[a]n officer in making an arrest is privileged by statute to use only that force which is necessary to restrain the arrested person.... If more than necessary force is used, then the officer commits an unprivileged assault on the arrested person." State v. Kraul, 563 P.2d 108, 112 (N.M.Ct.App.) (quotation and citation omitted), cert. denied, 567 P.2d 486 (N.M.1977); see also State v. Gonzales, 642 P.2d 210, 213 (N.M.Ct.App.1982) (quoting Mead v. O'Connor, 344 P.2d 478, 479 (N.M.1959) (officer privileged to use reasonable force)). Because Gonzalez was privileged to use reasonable force against Rendon, the court correctly instructed that the battery claim could prevail only if plaintiff proved that Gonzalez used "unlawful force."
 
 
 7
 Next, plaintiff raises two objections to the district court's instruction on the 1983 claim for excessive force. First, plaintiff argues the district court improperly instructed that the force must be "clearly excessive to the need." Although this circuit has not addressed whether a 1983 excessive force claim requires proof of force "clearly excessive to the need," such proof is required by the Fifth Circuit. See Johnson v. Morel, 876 F.2d 477, 480 (5th Cir.1989) (en banc); see also Knight v. Caldwell, 970 F.2d 1430, 1432 n. 3 (5th Cir.1992) ("Johnson v. Morel is representative of the Fifth Circuit's long-established mandate that a plaintiff may prevail on a constitutional excessive force claim only by proving ... the use of force that was clearly excessive to the need ...."), cert. denied, 113 S.Ct. 1298 (1993). Plaintiff's excessive force claim is governed by the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 397 (1989). To evaluate such a claim, the jury must consider whether the officer's use of force was objectively reasonable in light of the circumstances. See id.
 
 
 8
 In this case, the district court instructed the jury to consider whether Gonzalez inflicted harm that was "objectively unreasonable in light of the facts and circumstances at the time," judging the reasonableness of the force "from the perspective of a reasonable deputy sheriff on the scene rather than with the 20/20 vision of hindsight." Appellant's App. at 49. The jury was also instructed to consider "the relationship between the need and the amount of force used." Id. We are not persuaded that the court erred in instructing the jury that Gonzalez' use of force must have been "clearly excessive to the need." However, even if such instruction was erroneous, the error was harmless because the court's instructions, viewed in their entirety, correctly apprised the jury of the governing law.
 
 
 9
 Second, plaintiff claims that instructions 8A and 8B improperly required the jury to disregard the events that transpired before Gonzalez arrived at the scene. Plaintiff argues the instructions prevented the jury from considering all of the circumstances relevant to the use of force. Instruction 8B required the jury "to determine whether Deputy Gonzalez' use of force was objectively reasonable under the circumstances." Appellant's App. at 51. The instruction specifically prohibited the jury from "consider[ing] any of the events that occurred prior to the time Deputy Gonzalez arrived on the scene. Evidence of events occurring prior to Deputy Gonzalez' arrival are provided as background information only, and are not relevant to the reasonableness of his decision [to use force]." Id.
 
 
 10
 Plaintiff failed to object to instruction 8B at trial. Therefore, "we review only for plain error." Cartier v. Jackson, No. 94-1167, 1995 WL 404218, at * 4 (10th Cir. Jul. 10, 1995). "To constitute plain error, the district court's mistake must have been both obvious and substantial." Id. We find no obvious or substantial error with the court's instruction. There is no showing that Deputy Gonzalez was aware of any of the events that preceded his arrival at the scene, and therefore Deputy Gonzalez' conduct should not be judged in light of such events. Sevier v. City of Lawrence, Kan., --- F.3d ----, No. 94-3214, 1995 WL 429485, at * 3 & n. 8 (10th Cir. July 21, 1995).
 
 
 11
 Next, plaintiff argues that the district court erred in refusing to instruct the jury on the legality of a citizen's arrest. Plaintiff contends that without such an instruction to explain Rendon's behavior, the jury would have assumed that Rendon was unjustified in assaulting the man who robbed him. We review the refusal to give a requested instruction for an abuse of discretion. Brown v. Wal-Mart Stores, Inc., 11 F.3d 1559, 1564 (10th Cir.1993). After reviewing the record, we cannot conclude that the court abused its discretion in refusing to instruct the jury on the legality of a citizen's arrest. Even assuming plaintiff had a right to present his theory to the jury, the trial transcript shows that one of the witnesses testified on the legality of a citizen's arrest. See Appellant's Supp.App., vol. II at 311-12.
 
 
 12
 We need not reach plaintiff's final argument on appeal regarding damages under 1983 because plaintiff did not prevail on that claim at trial and has not demonstrated reversible error on appeal.
 
 
 13
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Whether Gonzalez identified himself as a sheriff's deputy was disputed at trial