574 P.2d 603
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Edward Lee McKELVY,**
**Defendant-Appellant.**

**No. 3114.**

Court of Appeals of New Mexico.

Jan. 10, 1978.

Charles R. Finley, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Michael E. Sanchez, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of conspiracy to commit murder and conspiracy to commit kidnapping, defendant appeals. We discuss two issues: (1) number of peremptory challenges, and (2) rebuttal testimony.

### Number of Peremptory Challenges

■ Rule of Crim. Proc. 39(d)(1) allows a defendant twelve peremptory challenges "if the offense charged is punishable by death or life imprisonment" and five peremptory challenges in all other cases. Neither the conspiracy charges of which defendant was convicted nor the attempt charges of which he was acquitted were offenses punishable by death or life imprisonment.

Defendant sought twelve peremptory challenges "because, if convicted, the conviction would be his fourth felony conviction, punishable by life imprisonment pursuant to the habitual offender statute. Defendant's position is that he was entitled to twelve challenges, since, practically speaking, a conviction meant punishment of life imprisonment."

Neither Rule of Crim. Proc. 39(d)(1) nor the habitual offender statute support defendant's claim. Under the rule, the number of peremptories depends upon the punishment for the "offense charged". Sections 40A–29–6 and 40A–29–7, N.M.S.A. 1953 (2d Repl.Vol. 6) refer to a charge "as a

habitual offender". No habitual offender charge was involved when the jury was being selected to try the conspiracy and attempt charges. Defendant's claim was premature. Once defendant is charged as an habitual offender and that charge alleges a sufficient number of prior felony convictions so that his sentence could be enhanced to life imprisonment, defendant might be entitled to twelve peremptories in selecting the jury to try the habitual offender charge. That situation is not involved in this case.

### Rebuttal Testimony

Defendant testified on his own behalf. On cross-examination defendant was asked if he had ever admitted to anyone that he had bombed a house. Defendant replied: "Not to my knowledge." No issue is raised as to the propriety of this cross-examination. See Evidence Rule 608(b)(1); *De La O v. Bimbo's Restaurant,* 89 N.M. 800, 558 P.2d 69 (Ct.App.1976); *State v. Marquez,* 87 N.M. 57, 529 P.2d 283 (Ct.App.1974).

■ On rebuttal a federal agent was permitted to testify, over defendant's objection, that defendant had admitted a bombing, that defendant was granted immunity from prosecution in exchange for his testimony against others.

Prior to the adoption of the Evidence Rules it was settled law in New Mexico that a witness could be cross-examined concerning specific acts of wrongdoing, but it was "equally well settled that the cross-examiner is bound by the answers given to such questions and cannot produce other and independent evidence with reference to such matters beyond that given by the assailed witness". *State v. Clevenger,* 27 N.M. 466, 202 P. 687 (1921). See also *Martinez v. Avila,* 76 N.M. 372, 415 P.2d 59 (1966); *Empire Fire & Marine Insurance Company v. Lee,* 86 N.M. 739, 527 P.2d 502 (Ct.App.1974).

The State's brief asserts that the purpose of the rebuttal testimony was to "attack the truthfulness of the Defendant". We agree that the rebuttal testimony attacked

386

the credibility of the defendant. Evidence Rule 608(b) did not change prior New Mexico law; rather, it prohibits such an attack by extrinsic evidence. The pertinent portion of Evidence Rule 608(b) states: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." See *State v. Bazan*, 90 N.M. 209, 561 P.2d 482 (Ct.App. 1977).

Citing *State v. Marquez*, supra, the State argues that the admission or exclusion of evidence is within the trial court's discretion. We do not agree that *State v. Marquez*, supra, held that admission of the extrinsic evidence in this case was discretionary; *Marquez* was concerned with cross-examination and not extrinsic evidence. Compare *State v. Ross*, 88 N.M. 1, 536 P.2d 265 (Ct.App.1975). The trial court had no discretion to admit evidence that is specifically prohibited by Evidence Rule 608(b); such evidence has been consistently held inadmissible in New Mexico decisions.

The State contends that the admission of the rebuttal testimony did not affect a substantial right of defendant. See Evidence Rule 103(a). We disagree. The right affected was the right to exclude the extrinsic evidence admitted in rebuttal. That right is conferred by Evidence Rule 608(b) and is a substantial one.

The State also claims that admission of the rebuttal testimony was harmless error. We disagree because we cannot say that the improperly admitted testimony did not contribute to defendant's convictions, *State v. Self*, 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975). The defense hinged on credibility and the improperly admitted evidence attacked defendant's credibility. See *Albertson v. State*, 89 N.M. 499, 554 P.2d 661 (1976).

The judgment and sentences are reversed. Defendant is to be given a new trial.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.