593 P.2d 478

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Carlos CERVANTES,**
**Defendant-Appellant.**

**No. 3715.**

Court of Appeals of New Mexico.

March 8, 1979.

Joan Friedland, Friedland, Simon, Lopez, Vigil & Nelson, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, Michael A. Kauffman, Janice M. Ahern, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Heroin and phencyclidine are controlled substances. Sections 30–31–6(B), N.M.S.A. 1978 (Supp.1978) and 30–31–8(B), N.M.S.A. 1978. Defendant appeals his convictions of three counts of trafficking in heroin and two counts of distribution of phencyclidine. Sections 30–31–20 and 30–31–22, N.M.S.A. 1978. We (1) answer four issues summarily and discuss (2) search and seizure claims and (3) evidence of conduct.

*Issues Answered Summarily*

■ (a) Defendant made an insufficient showing to obtain dismissal on the basis of pre-indictment delay. *State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978); *State v. Tafoya,* 91 N.M. 121, 570 P.2d 1148 (Ct.App. 1977); *State v. Jojola,* 89 N.M. 489, 553 P.2d 1296 (Ct.App.1976).

■ (b) Newspaper articles submitted in support of a motion for a change of venue did not, in themselves, require granting of the motion. *State v. Foster,* 82 N.M. 573, 484 P.2d 1283 (Ct.App.1971). Under the evidence, and the trial court's findings, the trial court did not abuse its discretion in denying the motion. *State v. Turner,* 90 N.M. 79, 559 P.2d 1206 (Ct.App.1976).

■ (c) Pursuant to Rule of Crim.Proc. 32(a), the prosecutor served written demand upon defendant to give notice as to whether defendant intended to claim an alibi. Defendant did not respond. At trial, defendant sought to offer the testimony of a witness and certain exhibits to the effect that, at the time the crimes were committed in Santa Fe, defendant no longer lived in that city. The trial court excluded this testimony, but permitted defendant to testify that he resided in Albuquerque at the pertinent times. This was in accordance with Rule of Crim.Proc. 32(c) which reads:

> If a defendant fails to serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of proving an alibi, except the testimony of the defendant himself.

The trial court's exclusion of the alibi evidence was not an abuse of discretion. See *State v. Smith,* 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

■ (d) Defendant sought a mistrial on the basis of comments of the prosecutor during closing argument. Defendant's argument emphasizes one sentence of the prosecutor, out of context. What the prosecutor said, in context, was that if the jury reviewed the evidence (emphasizing some exhibits), the prosecutor was convinced the jury would be convinced, beyond a reasonable doubt, of defendant's guilt. This was not improper argument; rather, it was a fair argument based on the evidence. Denial of the mistrial motion was not error.

*Search and Seizure*

A search warrant authorized search of specified premises for heroin. The search resulted in seizure of the items subsequently identified herein. Defendant sought suppression of these items. After an evidentiary hearing, the trial court denied the several motions to suppress. Defendant asserts this was error. Under this issue we discuss: (a) facial sufficiency of the affidavit on which the search warrant was based, (b) propriety of the evidentiary hearing, and (c) seizure of items not mentioned in the search warrant.

(a) Facial Sufficiency

Defendant claims the affidavit was insufficient to show probable cause. The affidavit states:

> On January 27, 1978 Affiant was contacted by a Confidential Informant, herein after [sic] referred to as C.I., who stated that during the late evening hours of January 26, 1978 he (C.I.) was inside George Cervantes' residence at 743 Alto Street, Santa Fe, New Mexico and personally observed George Cervantes to be in possession of a large quantity of heroin. Said heroin was packaged in small aluminum packets and inside a plastic baggie. C.I. is a heroin addict and is very knowledgeable about the way heroin is packaged for street sale.
>
> C.I. has given information to affiant on at least one occassion [sic] in the past week which has resulted in the recovery of stolen property and the indictment of a suspect. Affiant was also contacted by Officer Arthur Ficke of the Santa Fe Community Relations Bureau on January 27, 1978 and was informed by Officer Ficke that he had received a telephone call from an unknown male through the Santa Fe Crime Stoppers Program telephone number and the unknown male who called at 8:00 AM on January 27,

1978 had stated that he knew that a large shipment of heroin had come into town on January 26, 1978 at approximately 2:00 PM and that the heroin had gone to George Cervantes' house on Alto Street, Santa Fe, New Mexico.

Defendant's motion, attacking the affidavit, alleged a facial insufficiency on the basis that (1) the confidential informer was not disclosed, (2) insufficient facts showing the reliability of the confidential informer, and (3) insufficiency of both the knowledge and reliability of the anonymous informer.

Probable cause for issuance of the search warrant in this case, requires use of the information from the informers. In this situation, *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) states:

> Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant . . . the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed . . . was "credible" or his information "reliable."

See *Hudson v. State*, 89 N.M. 759, 557 P.2d 1108 (1976), cert. denied, 431 U.S. 924, 97 S.Ct. 2198, 53 L.Ed.2d 238 (1977).

■ Because the informer need not be disclosed in the affidavit, the claim based on the nondisclosure of the informer is without merit.

■ The affidavit recites that the confidential informer was present in the residence to be searched during the late evening hours of January 26, 1978, and personally observed the heroin, with which he was familiar because he was an heroin addict. This informed the judge issuing the search warrant as to "the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were . . . ."

The affidavit recites that the confidential informer had given information in the past week which had resulted in the recovery of stolen property. This informed the judge of the underlying circumstances from which the affiant concluded that the informer was credible.

Defendant does not argue that the personal observations of the confidential informer were insufficient. His claim goes to the sufficiency of the information, in the affidavit, as to the credibility of the informer. Defendant seems to argue that an item of reliable information, given in the past week, was insufficient, as a matter of law, to show the informer's credibility. Compare *State v. Gutierrez*, 91 N.M. 542, 577 P.2d 440 (Ct.App.1978). We disagree.

■ The determination of probable cause is made by the judge issuing the search warrant. *State v. Perea*, 85 N.M. 505, 513 P.2d 1287 (Ct.App.1973). The circumstances stated in the affidavit as to the informer's credibility satisfied this judge; the issuing judge was not "confined by niggardly limitations or by restrictions on the use of . . . [his] common sense . . . ." *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The issuing judge's "determination of probable cause should be paid great deference by reviewing courts . . . ." *Spinelli v. United States*, supra.

The affidavit stated the circumstances from which the affiant concluded the confidential informer was reliable. We cannot say that the issuing judge's common-sense view of those circumstances was erroneous as a matter of law.

The information in the affidavit concerning the confidential informer was a sufficient showing of probable cause. Accordingly, we do not consider that part of the affidavit which refers to the anonymous informer. Compare *Hudson v. State*, supra. The affidavit was facially valid.

**(b) Propriety of the Evidentiary Hearing**

In support of the motion attacking the facial validity of the affidavit, defendant

submitted his affidavit which stated: "On information and belief, the alleged informant does not exist; the police contrived the 'tips' as a pretext to invade private premises." In addition, defendant moved "for an in camera hearing, to determine whether a certain confidential informant can supply testimony that is relevant and helpful to the Defendant . . . ." The asserted "relevant and helpful" information with which we are concerned relates only to the motion to suppress; we are not concerned with disclosure of informers apart from the suppression motions.

The trial court held an evidentiary hearing on the various motions relating to suppression of evidence. We consider the propriety of the evidentiary hearing.

▪▪▪ (1) Defendant was not entitled to an evidentiary hearing on his motion attacking the facial validity of the affidavit. Footnote 1 to *Aguilar v. Texas*, supra, states: "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention." It is of no consequence that the affiant in this case might have had additional information which could have been presented to the issuing judge. Footnote 3 to *Spinelli v. United States*, supra. Information brought out at a hearing on a motion to suppress cannot be used to augment the information presented to the issuing judge. *State v. Lewis*, 80 N.M. 274, 454 P.2d 360 (Ct.App. 1969). In this case, the only information submitted to the issuing judge was contained in the affidavit. The only information to be considered by the trial court in determining the sufficiency of the affidavit was the information contained in the affidavit. *State v. Duran*, 90 N.M. 741, 568 P.2d 267 (Ct.App.1977).

▪▪▪ (2) This Court has held that a defendant may be entitled to an evidentiary hearing when a sufficient challenge is made to the veracity of the statements made in the affidavit. *State v. Gutierrez*, supra; *State v. James*, 91 N.M. 690, 579 P.2d 1257 (Ct.App.1978). The treatment of such a challenge in *Gutierrez* and *James* may leave the impression that the hearing is wide open to all claims of untruthfulness. To correct any such impression, we quote the limitations stated in *Franks v. Delaware*, 434 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978):

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

*Franks v. Delaware*, supra, is the applicable authority. Any contrary suggestion or contrary treatment of this issue in *State v. Gutierrez*, supra, and *State v. James*, supra, is not to be followed.

▪▪▪ (3) Defendant challenged the truthfulness of the affidavit when he asserted the informer did not exist. We assume that this was a claim of a falsehood by the affiant. A claim that the affiant's statement was false was not a claim that the falsehood was deliberate or in reckless disregard of the truth. Defendant's allegation did not state a claim entitling him to an evidentiary hearing.

■ (4) Defendant's claim that the informer did not exist was only on information and belief; thus, defendant did not claim any personal knowledge. *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 468 P.2d 892, 38 A.L.R.3d 354 (Ct.App.1970). No supporting reasons were given for this claim. No offer of proof accompanied defendant's motions. Thus, no evidentiary hearing should have been held. When the evidentiary hearing was in fact held, defendant offered no evidence in support of the claimed falsehood and offered no reason for the absence of evidence. The evidentiary hearing should have concluded at that point.

(5) Defendant called two witnesses in support of the claimed falsehood. One witness was the officer who received information from the anonymous informer. This officer testified that the anonymous tipster did exist. The second witness was the officer who received information from the confidential informer. This second officer testified that the confidential informer did exist. This testimony negated defendant's unsupported claim as to the nonexistence of an informer. There being no evidence suggesting the affiant proceeded on the basis of a deliberate falsehood or reckless disregard for the truth, the hearing should have concluded at that point.

■ (6) The trial court conducted an in camera hearing of the second officer (the affiant). This was done to protect the identity of the confidential informer. The reason for the in camera hearing in connection with the suppression motions was stated, as follows, by the trial court:

> [I]f the confidential informant were not a reliable informant as a matter of fact then the information from such an unreliable informant will not support the search warrant. I must conduct an in camera hearing that there was a sufficient basis for belief of the confidential informant. If I am not satisfied with that, I must rule that the motion to suppress is well taken.

This view, by the trial court, was held to be incorrect in *Franks v. Delaware*, supra.

The reliability of the confidential informant was not an issue. The only issue was the deliberate falsity or reckless disregard for the truth by the second officer, the affiant. An in camera hearing might be appropriate on the issue of the affiant's deliberate falsity if the informer's identity should be protected; however, the in camera hearing was improper in this case because the hearing was on the question of the reliability of the confidential informer. No in camera hearing should have been held in connection with the suppression motions. To the extent that *State v. Gutierrez*, supra, and *State v. James*, supra, indicate that the reliability of the nongovernmental informer may be litigated in a suppression hearing, they are contrary to *Franks v. Delaware*, supra, and are not to be followed.

■ (7) *Franks v. Delaware*, supra, is consistent with Evidence Rule 510(c)(3) which states:

> If information from an informer is relied upon to establish the legality of the means by which evidence was obtained and the judge is not satisfied that the information was received from an informer reasonably believed to be reliable or credible, he may require the identity of the informer to be disclosed.

Under this rule, the trial court examines the reasonable belief of the person receiving the information from the informer; the trial court does not examine the reliability of the informer. Evidence Rule 510(c)(3) did not authorize the in camera hearing held in this case.

(c) Seizure of Items Not Mentioned in the Search Warrant

The search warrant authorized a search for heroin. Heroin was not found during the search. The searching officer seized, among other items, pieces of aluminum foil, syringes, cooking spoons, a cooking cup, a "tie-up", a triple beam scale and $1,500 in cash. Defendant moved to suppress most of these items on the basis that their seizure "went beyond the scope of the warrant . . . ."

■ Defendant's contention is not a "scope of the search" claim. See *State v. Alderete*, 88 N.M. 619, 544 P.2d 1184 (Ct. App.1976). The officers were properly on the premises to search pursuant to a facially valid warrant. They were also on the premises to arrest defendant on several charges, including charges of trafficking in heroin. The items seized relate to trafficking in heroin. The propriety of the seizure must be considered in this context.

Seizure of the items was proper because a) the officers could reasonably have believed that the items showed defendant's intent to traffic in heroin, *State v. Bell*, 90 N.M. 160, 560 P.2d 951 (Ct.App.1977), or b) the officers could reasonably have believed the items related to the trafficking charges on which he was arrested, *State v. James, supra*.

The various suppression motions were properly denied.

*Evidence of Conduct*

This issue concerns trial use of the items seized on January 30, 1978 at the time of defendant's arrest. The seizure was four and one-half months after the latest offense being tried.

The prosecutor sought to introduce these items as part of its case-in-chief. The prosecutor sought admission of these items under Evidence Rule 404(b), claiming the items tended to prove motive, opportunity, and intent. The trial court excluded the evidence as part of the case-in-chief on the basis that the prejudicial impact of the evidence outweighed its probative value. Evidence Rule 403.

On direct examination, defendant denied the transactions involved in the charges being tried, denied he sold drugs to the undercover agents, and asserted that during the pertinent time period he had no drugs to sell. On cross-examination, defendant replied in the negative when the prosecutor asked if he had ever sold drugs. Defendant admitted that he had "done drugs," had been an addict, and was a heroin addict on January 30, 1978. The prosecutor then brought out that upon being arrested and advised of his constitutional rights, defendant voluntarily told a detective "that the works that you would find in the back" belonged to defendant.

"[T]he works" were the narcotic paraphernalia and money. The prosecutor was permitted to cross-examine defendant concerning these items. Defendant claims this cross-examination was error. The State defends the cross-examination as proper under Evidence Rule 404(b). The State's claim is not supported by the record. The trial court permitted the cross-examination "for the limited purpose of impeachment of his statement that he never sold heroin . . . ." This impeachment involves Evidence Rule 608(b), not Evidence Rule 404(b).

■ Defendant does not claim that the conduct involved (possession of the paraphernalia and money) did not go to truthfulness and therefore improper under Evidence Rule 608(a). See *State v. Miller*, 92 N.M. 520, 590 P.2d 1175 (1979). His claim is that the cross-examination concerning the paraphernalia and money was irrelevant, was prejudicial, and was prohibited extrinsic evidence.

Defendant admitted the "fix kit" was his—the syringes, spoons and a cooker. He stated the cut pieces of aluminum "may have been there . . . ." He denied any knowledge of the money. He didn't know what the "tie-up" (a piece of rubber tubing) was; he explained that he never tied himself when he injected. He was shown the scales; he admitted the scales were similar to scales he owned. This testimony went to whether defendant had been a seller of heroin. This testimony went to defendant's credibility, and was relevant.

The prejudice claim goes to the balancing process under Evidence Rule 403; that is, whether the probative value of the testimony as to defendant's credibility was exceeded by the prejudicial impact of the testimony which went to conduct some four and one-half months after the latest sale being tried. See *State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App.1978). It is clear that the

trial court balanced these two items. This evidence was excluded when offered by the prosecutor in the case-in-chief. The trial court permitted this evidence only for purposes of impeachment after defendant denied any sales of heroin. After balancing the two items, the trial court permitted the questioning. This was a discretionary ruling; the appellate issue is whether the trial court abused its discretion. *State v. Fuson*, 91 N.M. 366, 574 P.2d 290 (Ct.App.1978). In light of the limited purpose for which the testimony was admitted, we cannot hold there was an abuse of discretion.

■ There is an additional answer to the prejudice claim. In the trial court, defendant never claimed the cross-examination should be excluded because its prejudicial impact outweighed its probative value. The prejudice claim is not properly before us for review. *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977).

Evidence Rule 608(b) reads in part: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence." Defendant states: "The State here was allowed to go well beyond merely cross-examination of the witness, but was allowed to use extrinsic evidence seized pursuant to a search 4½ months after the last crime alleged in the indictment."

Defendant does not point out what extrinsic evidence was "used". The transcript reveals that defendant was shown some scales and asked if he recognized them. Defendant said the scales were similar to the scales he owned. He was also shown a photograph. He recognized the scene depicted in the photograph. The photograph showed the "fix kit" that defendant admitted owning. It also showed the "tie-up" which defendant said he never used, and could not identify.

■ "Extrinsic" means: "Foreign; from outside sources . . . ." Black's Law Dictionary (4th Ed. 1951). The scales and the photograph were extrinsic in that sense. Compare Evidence Rule 613(b). However, the prosecutor did no more than ask defendant to identify the scales and the items shown in a photograph. This identification testimony went to items about which defendant testified. The identification testimony was based on extrinsic items (the scale and photograph), but the testimony was not extrinsic evidence because defendant made the identifications. Asking defendant if he can identify certain items is not proving specific conduct by extrinsic evidence within the prohibition of Evidence Rule 608(b). Compare *State v. Gallegos*, 92 N.M. 370, 588 P.2d 1045 (Ct.App.1978).

■ Another answer to defendant's extrinsic evidence contention is that, in the trial court, defendant never claimed that asking the defendant to identify the scales and the items depicted in the photograph was proof by extrinsic evidence or improper under Evidence Rule 608(b). The contention is not properly before us because not raised in the trial court. *State v. Hogervorst*, supra.

In support of the extrinsic evidence claim, defendant cites *State v. McKelvy*, 91 N.M. 384, 574 P.2d 603 (Ct.App.1978). See also *State v. Barela*, 91 N.M. 634, 578 P.2d 335 (Ct.App.1978). In *McKelvy*, supra, a rebuttal witness testified to conduct denied by the defendant on cross-examination. This testimony went to credibility and was improper because extrinsic and in violation of Evidence Rule 608(b). In *Barela*, supra, the tendered testimony, attacking credibility, was properly excluded because extrinsic. Neither case is applicable to defendant's contentions directed to the cross-examination of defendant. There was rebuttal testimony in this case, but defendant does not claim this rebuttal evidence was erroneous. Defendant's argument goes only to the cross-examination of defendant.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

LOPEZ and WALTERS, JJ., concur.