## State of Vermont v. Philip G. Veburst

[589 A.2d 863]

No. 88-639

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Peck, J. (Ret.), Specially Assigned

Opinion Filed February 15, 1991

134

*Thomas M. Kelly,* Drug Prosecutor, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *David J. Williams* and *William Nelson,* Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant Philip Veburst appeals his conviction, after a court trial, for possession of two or more ounces of marijuana, 18 V.S.A. § 4224(f)(1)(B). He attacks the validity of a warrant issued to search his residence and the trial court's refusal to order disclosure of the identity of a confidential informant. We affirm.

On November 11, 1987, Vermont State Trooper Thomas Roberts received a phone call from Detective Sergeant William Northrup of the Vermont State Police. Northrup informed Roberts that Franklin County State's Attorney Investigator Gary Greenfield had contacted him with information Greenfield had received from a confidential informant ("the Greenfield informant") relating to the possible sale of illegal drugs by Philip Veburst at a residence in Morgan, Vermont. Roberts already had information from another confidential informant ("the Roberts informant"), received in August of 1987, to the effect that a person named Phil was selling drugs out of a house in Derby Line. A motor vehicle record check revealed that Philip Veburst matched the description given by the Roberts informant and lived where the informant reported that "Phil" was living. Roberts also learned that Philip Veburst had been arrested and transported to his current residence in Morgan on September 17, 1987. Veburst had been in an accident on that day and was taken to the hospital where he had an officer call his Morgan home and leave a message with two identified persons. One of those persons, Gil Tabor, was identified by the Greenfield informant as having purchased drugs from Philip Veburst.

On November 23, 1987, State Trooper Roberts applied for a warrant to search the house in Morgan. Roberts' accompanying affidavit stated in part:

> It was related by Det. Northrup that the informant had told Gary Greenfield that two subjects had visited a subject named Philip Veburst at his residence in Morgan during the evening of 11/19/87 where approximately 1 lb. of marijuana and a quantity of hashish was observed in the bedroom of Veburst residence. This writer contacted Gary

Greenfield being informed by him that his source of information who refused to be identified told him that he was familiar with one of the two subjects visiting Veburst, a Gil Tabor.

The affidavit also contained all of the information set forth above, including the information provided directly to Trooper Roberts in August by his informant. Trooper Roberts also provided a supplemental affidavit indicating that the Greenfield informant had worked for Investigator Greenfield in the past, making controlled buys of regulated drugs and providing information obtained by other drug informants.

The court issued a warrant authorizing the police to search Philip Veburst's house in Morgan. Trooper Roberts and five other members of the Vermont State Police executed the search and found seventeen pounds of marijuana, a quantity of hashish, and several firearms in a closet in defendant's bedroom. Defendant was later charged with possession of two or more ounces of marijuana, and possession of marijuana with intent to sell, in violation of 18 V.S.A. § 4224(f)(1)(B) (repealed in 1989). The latter charge was eventually dismissed.

Defendant filed a pretrial motion to suppress evidence obtained during the search, claiming that the affidavits supporting the search warrant failed to establish sufficiently the reliability of the two informants cited therein. The court determined that the affidavits showed the reliability of the Greenfield informant but that they failed to establish the reliability of the Roberts informant. The court denied the motion to suppress because it found that the affidavits were sufficient to justify the search warrant even when all information provided by the Roberts informant was deleted.

At that point, defendant tried a different tactic. He filed a motion to compel disclosure of the identity of the Greenfield informant for the purpose of challenging the basis of that informant's knowledge. He alleged that there was reason to believe that the law enforcement officials had acted in bad faith by using false information or information gained by government misconduct to obtain the search warrant in violation of the holding in *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). The court denied the motion following an in camera inquiry of Investigator Greenfield.

Defendant raises two claims on appeal: (1) the trial court erred in denying his motion to suppress evidence because the affidavit failed to set forth facts sufficient to show the basis of the Greenfield informant's knowledge; and (2) the court's findings pursuant to his motion to compel were deficient because they failed to indicate whether the court during the in camera examination inquired properly into the issues raised by the motion.

I.

Defendant first argues that the evidence obtained pursuant to the search warrant must be suppressed because the affidavit supporting the warrant application did not establish a sufficient factual basis for the Greenfield informant's story. Defendant's pretrial motion to suppress alleged that the affidavit failed to satisfy the standards for reliability set forth in V.R.Cr.P. 41(c). We recently affirmed that V.R.Cr.P. 41(c) requires the application of the two-prong test set forth in *Aguilar v. Texas*, 378 U.S. 108, 112–15 (1964), and *Spinelli v. United States*, 393 U.S. 410, 415–16 (1969). *State v. Ballou*, 148 Vt. 427, 535 A.2d 1280 (1987). In *Ballou*, we explained that:

> [T]he first prong requires that the affidavit transmit the factual basis for any conclusions drawn by the informant so that the judicial officer can perform an independent analysis of the facts and conclusions [while] [t]he second prong requires that facts be presented to the judicial officer that show either the informant is inherently credible or that the information from the informant is reliable on this occasion.

*Id.* at 434, 535 A.2d at 1284 (citations omitted).

Defendant's motion to suppress was premised solely on the second or "reliability" prong—that the reliability of the informants had not been established. As noted above, the trial court granted defendant's motion as to the Roberts informant but denied it as to the Greenfield informant. On appeal, however, defendant has switched his theory and claims that the affidavit did not meet the first or "factual basis" prong of the test. Defendant insists that the affidavit does not show that the Greenfield informant had a sufficient basis of knowledge for the information that was supplied to the officers.

██ V.R.Cr.P. 12(b)(3) states that motions to suppress evidence on the ground that it was illegally obtained must be raised prior to trial. V.R.Cr.P. 12(f) provides in part:

Failure by the defendant to present any of the defenses, objections, or requests required by subdivision (b) of this rule to be made prior to trial, or to raise any other pretrial errors or issues of which the party has knowledge, at the times provided . . . in these rules and subject to constitutional limitations, constitute waiver thereof.

Because defendant's motion to suppress was based solely on the reliability prong of the test, his failure to raise the factual basis objection prior to trial constitutes waiver of that issue. See, e.g., *State v. Stanislaw*, 153 Vt. 517, 528, 573 A.2d 286, 293 (1990). Further, we do not generally consider issues raised for the first time on appeal. *Id.* at 527–28, 573 A.2d at 292–93 (defendant must inform the court below of the proper grounds for suppression to preserve the issue).

██ There is one exception to the preservation requirement—a finding of plain error. See V.R.Cr.P. 52(b); *State v. Duff*, 150 Vt. 329, 337–38, 554 A.2d 214, 219 (1988). We will find plain error only in the rare and extraordinary case where the error is obvious and so grave and serious that it strikes at the very heart of a defendant's constitutional rights or adversely affects the fair administration of justice. *State v. Schmitt*, 150 Vt. 503, 505, 554 A.2d 666, 667 (1988). We do not think the error, if any, rises to that level. While defendant filed a timely and detailed motion launching a facial attack on the reliability of the informants cited in the affidavit, he never questioned the basis of either informant's knowledge. The problem with the affidavit is that it is poorly drafted. As the trial court found in ruling on the motion to compel:

Although common sense supports a reading of [the] statement to mean that the informant was a firsthand witness to the information reported, the convoluted syntax, and the use of the term "subjects" could equally support a reading that s/he was not.

We are unwilling to premise a conclusion that there is plain error on differences in interpretation of the wording of the affidavit. We agree with the trial court that the affidavit can be

read as stating that the Greenfield informant observed the marijuana and hashish in defendant's bedroom. Thus, the error, if any, is neither obvious nor so grave and serious as to reach the level of plain error.

## II.

Defendant's second claim is that the trial court erred in denying his motion to compel disclosure of the identity of the Greenfield informant. Defendant maintains that, because the informant may have been able to give testimony relevant to an issue in this case, the court should have ordered the disclosure of the informant's identity pursuant to V.R.E. 509(c)(2). To make a showing of relevancy, defendant raised two possible scenarios. Both began with his deposition testimony that he kept his bedroom door locked and did not allow access to third parties. With that factual predicate, the first scenario is that the informant did not have firsthand knowledge that marijuana was present in defendant's bedroom, that Investigator Greenfield knew, or should have known, of this inaccessibility, and, thus, that the law enforcement officials acted in bad faith when they implied in the affidavit that the informant did have firsthand knowledge. The second scenario is that in order to learn that marijuana was present in defendant's bedroom, the informant, acting as an agent of the police, conducted a clandestine search of the bedroom, rendering this search illegal. Defendant sought to compel disclosure to prove that one of these scenarios occurred, at a hearing held pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In *Franks*, the Court required that

> where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.* at 155–56. Of course, defendant could make the preliminary showing required by *Franks* only if the confidential informant testified to one of the scenarios posited by defendant.

The trial court concluded that identifying the informant would be unnecessary if the affidavit evidenced a good-faith as-

sertion by Investigator Greenfield that the informant had first-hand knowledge about the marijuana in defendant's bedroom. The court acknowledged that it was not absolutely clear from the language of the affidavit whether the informant actually had firsthand knowledge. Accordingly, the court held an in camera inquiry of Investigator Greenfield and concluded "that the officers involved acted in good faith and without deception, and that probable cause existed on the face of the application." In addition, the court ruled that defendant's motion did not allege grounds sufficient to trigger an inquiry into whether the informant conducted a clandestine search at the State's behest. The court denied the motion to compel disclosure of the informant's identity.

On appeal, defendant complains that the trial court's findings were insufficient to indicate whether the court, during the in camera session, inquired into his *Franks* allegations. Because we find that the in camera hearing was unnecessary in this case, we do not reach defendant's objections.

■ The confidentiality of the informant is based on Vermont Rule of Evidence 509. That rule gives the State a "privilege to refuse to disclose the identity of a person who has furnished information relating to . . . an investigation of a possible violation of a law to a law enforcement officer." V.R.E. 509(a). It contains an exception, however, where "it appears in the case that an informant may be able to give testimony relevant to any issue in a criminal case." V.R.E. 509(c)(2). Defendant claims that this exception applies here.

We agree with defendant that the exception in Rule 509(c)(2) could apply here if defendant made the requisite showing. Our Rule 509 is identical to Uniform Rule of Evidence 509 and is similar to proposed Federal Rule of Evidence 510. See Reporter's Notes to V.R.E. 509. As the Reporter's Notes indicate, a primary difference between V.R.E. 509 and the proposed federal rule is that V.R.E. 509(c)(2) provides an exception to informant confidentiality where the informant can testify on "any issue" in a criminal case. The equivalent subsection of the proposed federal rule provides an exception only where the testimony is relevant to the issue of guilt or innocence. See *id.* Because the scope of the exception extends to any issue, it clearly covers the validity of a search warrant.

■ In order to gain disclosure of the identity of a confidential informant, however, a defendant must first make the threshold showing that the informant may be able to give relevant testimony. As the Reporter's Notes indicate, the threshold here is intended to implement the balancing approach enunciated in *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957), and in *McCray v. Illinois*, 386 U.S. 300, 311–12 (1967). *Roviaro* involved an undercover government employee to whom defendant was alleged to have sold drugs. The Court recognized a government privilege to withhold the identity of persons who provide information about violations of law but required disclosure where "an informer's identity, or . . . the contents of his communication, is relevant and helpful to the defense of an accused." *Rovario*, 353 U.S. at 60–61.

*McCray* was a constitutional attack on a state court decision to apply the privilege to protect the identity of an informant whose information had supplied the probable cause to arrest defendant for possession of drugs. The informant was a "tipster" who was not present at the arrest. The Court held that due process does not require the disclosure of the informant's identity where the arresting officers testified, were subject to cross-examination, and were believed by the trial court. *McCray*, 386 U.S. at 313. The Court quoted with approval from a decision of the New Jersey Supreme Court, emphasizing that if the defendant could force the disclosure of the identity of an informant to test his reliability, "'we can be sure that every defendant will demand disclosure'" and no informant will remain confidential. *Id.* at 306 (quoting *State v. Burnett*, 42 N.J. 377, 385–88, 201 A.2d 39, 43–45 (1964)).

■ Consistent with the Court's rationale in *McCray*, courts applying the informant privilege have required a threshold showing of need and relevancy before requiring an in camera response by the State. That showing must be based on more than speculation or suspicion. See, e.g., *United States v. Sai Keung Wong*, 886 F.2d 252, 256 (9th Cir. 1989) ("mere suspicion that information will prove helpful is insufficient to require disclosure"); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir. 1982) ("speculation regarding what an informant might possibly testify to is not sufficient to require disclosure").

This threshold requirement was applied to a case virtually identical to this one in *State v. Sykes*, 663 P.2d 691 (Mont. 1983) (overruled in part on unrelated grounds). In *Sykes*, a warrant to search defendant's home was issued based on an affidavit reporting that a confidential informant had stated that he had seen one-half pound of marijuana in defendant's bedroom in the last twenty-four hours. Defendant sought disclosure of the informant's name based on an affidavit of his wife that she had been home with her children and that no person "not known to us" had been in the home and that no person was "likely to have seen the marijuana." *Id.* at 692. As in this case, defendant suggested a number of possible theories of government misconduct, including illegal entry and falsity of the informant's information. The court, applying a rule identical to V.R.E. 509(c)(2), denied disclosure because defendant made only a "general challenge" to the affidavit in support of the warrant. *Id.* at 695. The court emphasized that defendant had not excluded the possibility—raised by the State—that the informant had been in his home with defendant's consent and had seen the marijuana. *Id.* See also *State v. Seaman*, 236 Mont. 466, 474, 771 P.2d 950, 955 (1989) (applying *Sykes* and upholding trial court's refusal to order disclosure where defendant attempted to attack the credibility of the law enforcement officer to whom the informants gave information); *State v. Cervantes*, 92 N.M. 643, 649, 593 P.2d 478, 484 (Ct. App. 1979) (under similar New Mexico rule, no disclosure or in camera hearing required where defendant fails to produce evidence suggesting "affiant proceeded on the basis of a deliberate falsehood or reckless disregard for the truth"); *State v. Mertens*, 268 N.W.2d 446, 452 (N.D. 1978) (under identical North Dakota rule, no disclosure of informant whose information provided probable cause for search warrant where informant not involved in commission of crime and defendant makes no other showing of necessity).

If anything, the facts here are less helpful than those in *Sykes*. Although defendant argues that no one could have seen the marijuana in his room, the facts he provides are hardly conclusive on that point. In fact, Gil Tabor stated in his deposition that he saw defendant leave his room carrying marijuana. Defendant's factual predicate is little more than a statement that he does not conduct illegal activity in the open. It requires

numerous speculative leaps to go from that fact to the official misconduct necessary for defendant to obtain suppression of the fruits of the search. If this showing were sufficient to compel disclosure of the identity of an informant or to compel an in camera hearing, trial courts would be required to employ these procedures in virtually all cases involving informants.

We hold that defendant has failed to show that the "informant may be able to give testimony relevant to any issue in a criminal case." V.R.E. 509(c)(2). Accordingly, it was unnecessary for the court to hold an in camera hearing in this case, and any error connected therewith is harmless.

*Affirmed.*