## State of Vermont v. Keith Bradley, III

[670 A.2d 811]

No. 94-582

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed November 3, 1995

*Jeffrey L. Amestoy,* Attorney General, and *David Tartter,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert Appel,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant Keith Bradley appeals his jury conviction for kidnapping and aggravated sexual assault on the grounds that the trial court did not sufficiently inquire into either his waiver of his right to be present at trial or his waiver of his right to represent himself. We affirm.

On May 19, 1993, defendant was arraigned on kidnapping and sexual assault charges. The court held a competency hearing on June 28, 1993, at which the parties stipulated to defendant's competency based on the findings of a previously conducted competency examination. Defendant discharged his attorneys at a November 15 status conference and entered into a plea agreement with the state's attorney. After discussing the matter with defendant, the court granted his motion to proceed pro se. Before accepting the plea, however, the court ordered a second competency examination and gave defendant an opportunity to consult with counsel. At a February 7, 1994 status conference, counsel informed the court that defendant's mother had contacted counsel because defendant no longer wished to represent himself. During this status conference, defendant was not present because he did not want to see the victim; he remained in an anteroom. On March 7, 1994, the court held a second competency hearing, at which it found defendant competent to stand trial. Defendant abandoned the plea agreement and proceeded to trial.

During the victim's testimony on the first day of trial, counsel approached the bench and requested the court's permission for defendant to return to the lawyer's room because defendant was experiencing discomfort watching the victim testify. Counsel indicated to the court that defendant voluntarily chose to absent himself and that counsel would do his best to cross-examine the victim without the benefit of defendant's input. The court addressed defendant directly, and defendant confirmed that he voluntarily waived his right to be present.

Defendant was present in the courthouse but not in the courtroom when the trial resumed the next morning. Counsel told the court that defendant wished to be absent for the remainder of the victim's testimony. After the victim concluded her testimony, the court inquired of counsel whether defendant would like to return. Counsel told the court that he had invited defendant to return to the trial but that defendant had declined. The court requested that counsel renew the invitation after each witness. Defendant again declined the invitation when the next witness took the stand. Defendant indicated a desire to be present for the following witness, who was an acquaintance of defendant. Because that witness had already begun testifying, the court asked if the direct examination should start again for defendant's benefit. Counsel told the court that defendant had notice that the witness was testifying and waived his right to be present. The examination resumed.

After the direct examination was over, defendant again wished to leave the courtroom. The court and counsel again discussed defendant's absences. The court told counsel that despite defendant's sporadic attendance, the trial would continue. Counsel assured the court that defendant did not wish that the trial stop. The court told counsel that defendant's absences were harmful to his defense. Counsel concurred and told the court that he had communicated that concern to defendant and that defendant understood. Defendant repeatedly absented himself for the remainder of the trial.

When defendant remained at the State Hospital[1] during jury deliberations, the court and counsel again discussed defendant's absence. Counsel assured the court that defendant was still competent and that he made the choice to absent himself. To bolster its conclusion that defendant remained competent, the court noted that defendant had been in control of his actions throughout the trial and that he had been selective about his absences. Counsel told the court that he did not see any legal impediment to defendant's absence during the reading of the verdict. After discussing with counsel the possibility that defendant may change his mind, the court said, "If he wants to be here, we'll get him here as soon as we possibly can."

We first note that, because defendant made no objection to the continuation of trial in his absence or to the renewed assistance of counsel, we review the trial court's actions for plain error. *State v. Veburst*, 156 Vt. 133, 138, 589 A.2d 863, 866 (1991). For this Court to find plain error, the trial court's error must be so grave and serious as to strike to the very heart of defendant's constitutional rights or adversely affect the fair administration of justice. *Id.* It is against this high standard that we review defendant's arguments.

Defendant argues on appeal that the trial court erred by failing to inquire sufficiently into whether he knowingly and voluntarily waived his right to be present at trial.[2] The United States Constitution, the Vermont Constitution, and V.R.Cr.P. 43(a) give a criminal defendant the right to be present at his trial. *In re Cardinal*, 162 Vt. 418, 419-20, 649 A.2d 227, 229 (1994). Rule 43(b) allows a trial court to imply waiver when a defendant who is initially present at his trial "voluntarily

---

[1] At the request of his attorney, defendant resided at the Vermont State Hospital during trial.

[2] Defendant does not argue that he was not competent to waive his right to be present. Rather, the issue is whether defendant made a valid waiver of his right to be present during his trial. This inquiry is distinct from the competency inquiry and is not resolved by a finding of competency. *Godinez v. Moran*, 509 U.S. 389, 400-01 (1993).

absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to remain during the trial." V.R.Cr.P. 43(b).

██ The trial court clearly made an adequate inquiry to assure that defendant's waiver was knowing and voluntary. In *Taylor v. United States*, 414 U.S. 17 (1973), the United States Supreme Court concluded that the court made an adequate inquiry into the defendant's waiver of his right to be present. *Id.* at 20. Before lunch recess, the judge had advised all participants, including the defendant, that the trial would resume at 2:00 p.m. The defendant failed to return for the afternoon session of trial, so the judge recessed the trial until the following morning. The next morning the court heard testimony from the defendant's wife, who had seen him after the morning session. She testified that he did not appear ill and that she had not heard from him since the previous day. The court denied a motion for a mistrial, and the trial continued in the defendant's absence. On appeal, the defendant conceded that his absence was voluntary. He argued that his waiver was ineffective without an express warning from the trial court that he had a right to be present and that the trial would continue in his absence thereby foreclosing his right to testify and confront witnesses against him. The Court rejected this argument and held that the trial court need not make such an inquiry. *Id.* at 20. Although not required by *Taylor*, the court here at least warned defense counsel that the trial would continue in defendant's absence and that his absence was harmful to his defense.

██ Defendant argues that the court's inquiry was cursory and inadequate, but the record belies this characterization. See *United States v. Gallo*, 763 F.2d 1504, 1529 (6th Cir. 1985) (waiver clear from record where counsel informed court that hospitalized defendant had requested that counsel waive his right to be present at trial), *cert. denied*, 474 U.S. 1068 (1986). The court inquired of defendant personally whether his initial absence was voluntary. It also asked counsel to invite defendant to attend the trial at the conclusion of each witness's testimony. The court told counsel that defendant's absences were harmful to his defense, and counsel informed the court that the defendant had been apprised of this concern. The court found that defendant was selective in his attendance and therefore concluded that he was competently waiving his right to be present. The court discussed possible legal impediments to waiver with counsel, and counsel asserted there were none. When defendant chose to remain at

the State Hospital for jury deliberations, the court told counsel that it would accommodate defendant's desire to be present if he changed his mind. Given the court's extensive efforts to ensure that defendant was knowingly and voluntarily absent, the court did not commit error, let alone plain error.

Defendant also argues that the court failed to make a proper inquiry into his waiver of his right to represent himself. Defendant has both a right to counsel, *Gideon v. Wainwright*, 372 U.S. 335, 339 (1963), and a right to represent himself. *Faretta v. California*, 422 U.S. 806, 807 (1975). He may also waive these rights. *Faretta*, 422 U.S. at 835; *Brown v. Wainwright*, 665 F.2d 607, 610-11 (former 5th Cir. 1982). Nevertheless, because the tension between these two rights creates an opportunity for a defendant to vacillate and thereby inject error into the record, courts will find implied waiver of the right to self-representation but not the right to counsel. *Tuitt v. Fair*, 822 F.2d 166, 174-75 (1st Cir.), *cert. denied*, 484 U.S. 945 (1987). While a court may not conclude from silence or other equivocal conduct that a defendant has waived his right to counsel, it may conclude that a defendant has waived his right to self-representation if it reasonably appears that he has abandoned his initial request to represent himself. *Brown*, 665 F.2d at 611. Here, defendant initially asked to represent himself, and the court granted his request. Then, at defendant's direction, his mother asked counsel to resume representation of defendant. Thereafter, defendant appeared with counsel numerous times at trial but never objected to representation by counsel. We conclude that the court's inquiry into defendant's waiver of self-representation was adequate because defendant's abandonment of self-representation was reasonably apparent under the circumstances.

*Affirmed.*