2005 VT 50

**STATE of Vermont v. David MAY**

[878 A.2d 250]

Nos. 04-234 and 04-285

¶ 1. April 14, 2005. The State appeals from the district court's order suppressing an evidentiary breath test and certain statements made by defendant to a University of Vermont (UVM) police officer during a roadside stop for speeding that resulted in an arrest and processing for DUI. The trial court suppressed the evidence because defendant had not been allowed to use his cell phone to call either his father or his attorney in Connecticut before deciding whether to take a preliminary breath test at roadside. The trial court held that failure to allow defendant to make the cell phone call was a flaw in the procedure that rendered defendant's later statements and breath test at the police station inadmissible. We reverse and remand.

¶ 2. Defendant was picked up for speeding on Main Street in Burlington by a UVM police officer. While the officer was running a plate check, defendant telephoned his father in Connecticut on his cell phone to tell him that he had been stopped for speeding. When the officer returned to the car, he noticed that defendant's eyes were bloodshot and watery, that he had a moderate odor of alcohol on his breath, and his speech was slurred. The officer asked defendant to step out of the car and perform some field dexterity tests. Defendant did so, but left his cell phone in the car. Defend-

ant failed all of the tests. The officer asked defendant to give a breath sample on the nonevidentiary field screening device, known as the alco-sensor, but defendant was unsure what to do. He asked to call his father and also his attorney in Connecticut. The officer refused to allow defendant to return to the car to retrieve the cell phone, although the officer conceded that he has allowed suspects to make roadside calls if the cell phone is on their person, and that he has sometimes retrieved cell phones for suspects. After declining the alco-sensor test, defendant was arrested and taken to the UVM police department for DUI processing.

¶ 3. At the station, defendant asked to speak to a lawyer after hearing the implied consent advice. See 23 V.S.A. § 1202(d) (requiring that persons from whom evidentiary tests are requested first be informed of, among other things, their right to consult an attorney prior to taking the test; penalties for refusing to take the test; and potential penalties for test results showing that the person was under the influence of alcohol or other drugs). He wanted to call a lawyer he knew in Connecticut, but the officer told defendant he had to speak to a Vermont lawyer. The on-call public defender was called, and defendant spoke to him for ten minutes, at which point defendant claims the public defender hung up, despite the fact that defendant claimed to have additional questions. After this consultation, defendant took the breath test that showed defendant's BAC of .173%.

¶ 4. Defendant raised three issues in his motion to suppress: (1) that under *State v. Carmody*, 140 Vt. 631, 442 A.2d 1292 (1982), the police officer was required to permit defendant to make roadside calls on his cell phone; (2) that defendant's exercise of his right to counsel before taking the evidentiary breath test at the station was unilaterally terminated by the on-call public defender

and therefore was not a meaningful consultation; and (3) that the UVM police department is not permitted to act as law enforcement officers with authority to arrest defendant in these circumstances. The district court reached only the first issue. It found that the UVM police officer's refusal to permit the roadside calls prior to defendant's decision on the alco-sensor test was a flaw in the procedure that rendered the evidence obtained after that point inadmissible. Despite this limited holding, the district court also opined, in a footnote, that defendant's ten-minute consultation with an on-call Vermont attorney guaranteed defendant a "meaningful" opportunity, as explained in *State v. Fredette*, 167 Vt. 586, 587, 705 A.2d 548, 550 (1997) (mem.), to consult counsel before taking the evidentiary breath test. We reverse and remand because the remedy granted, suppression of the evidentiary breath test, is not an appropriate remedy for the alleged deprivation of rights at roadside.

¶ 5. The district court relied on *State v. Carmody*, in which a woman stopped for DWI wanted to call her boyfriend before deciding whether to take an evidentiary, not preliminary, breath test. The police refused to let her make the call before the thirty minute period for deciding whether to take the test had elapsed. She then refused to take the test. We held that the officer's refusal to allow the woman to make the call was an unauthorized restraint that clouded the voluntary nature of her decision to refuse to take the evidentiary breath test and was, therefore, a "flaw in the procedure" that required suppression and a new trial. *Carmody*, 140 Vt. at 636-37, 442 A.2d at 1295. The district court's application of *Carmody* here ignores a critical factual distinction presented by this case, and is, therefore, reversible error.

¶ 6. The important fact in *Carmody* is that there was a direct connection between the police misconduct and Carmody's decision to refuse the *evidentiary* test, which had real and negative consequences for her. See 23 V.S.A. § 1202(b) (providing that a defendant's refusal to submit to an evidentiary breath test may be used as evidence against defendant in a criminal proceeding); *id.* § 1205 (discussing civil penalties that may result from a refusal to submit to an evidentiary breath test requested by an officer with probable cause to suspect the person of DUI). By contrast, defendant's refusal to take the alco-sensor test at roadside, and his inability to obtain advice from his father or a lawyer about whether to do so, resulted in no consequences to him. Under 23 V.S.A. § 1203(f), a law enforcement officer may request the alco-sensor test when there is reason to believe that a suspect is driving under the influence. The purpose of the test is to assist the officer in deciding whether further DUI processing is necessary. *Id.* A suspect has no statutory right to counsel before deciding whether to take the test, and the test is not admissible to show guilt. *Id.* The test is admissible only on the issue of whether an arrest should have been made, *id.*, presumably when there is a challenge to probable cause. Defendant did not challenge the officer's determination of probable cause to arrest him. Nor does the statute mandate any consequences for refusing to take the alco-sensor test. Thus, defendant's inability to obtain advice about the preliminary test is an issue that is completely irrelevant to his guilt or innocence on the DUI charge.

¶ 7. In *State v. Sherwood*, another DUI case involving a defendant's request that the court suppress evidence of the refusal to take an evidentiary breath test, we recognized that a defendant seeking suppression must demonstrate some "causal nexus" between the allegedly improper police conduct and the evidence the defendant wants suppressed. 174 Vt. 27, 33, 800 A.2d 463, 467 (2002). In *Car-*

*mody*, the unauthorized police conduct related directly to the defendant's refusal to take the evidentiary breath test because the police conduct at issue did not occur until after the police read her the implied consent rights, and after she had refused a consultation with counsel. *Carmody*, 140 Vt. at 634, 442 A.2d at 1293. In granting suppression, this Court recognized the legal significance attached to the evidentiary breath test. We stated that "[t]he [L]egislature specifically demonstrated its concern that any refusal to be tested not be lightly decided, by providing for counsel and for time for reflection." *Id.* at 636, 442 A.2d at 1295. We then held that police interference with the defendant's decision whether to submit to or refuse the evidentiary test was inconsistent with the Legislature's manifest concern. *Id.* Unlike the decision on whether to take the evidentiary test, the Legislature has not attached the same significance to a defendant's decision to take a preliminary test — the decision that was arguably most affected by the alleged deprivation of defendant's rights in this case. See 23 V.S.A. § 1203(f) (limiting the evidentiary uses of the preliminary test in DUI civil and criminal proceedings, and expressly stating that there is no right to counsel prior to submitting to the preliminary screening).

¶ 8. Under *Carmody*, we cannot conclude that the alleged deprivation here was such a flaw in the procedure that it undermined the voluntariness of defendant's decision, at a later time, to take the evidentiary breath test. As the district court's factual findings show, that decision was made after defendant was read his implied consent rights and spoke to the on-call public defender. These facts vitiate any concerns about voluntariness in defendant's decision to take the evidentiary test because they demonstrate a severance of any causal nexus between the allegedly improper roadside restraints and the decision to take the test after consultation with counsel.*

¶ 9. On appeal, defendant has attempted to support the district court's conclusion by relying on *State v. Sprague*, 2003 VT 20, 175 Vt. 123, 824 A.2d 539. Defendant argues· that the officer's prohibition of defendant's cell phone use was the type of intrusion on individual liberties that this Court identified in *Sprague* as invalidating an accused's purportedly voluntary consent to search his person, car, and home. 2003 VT 20, ¶ 31. Defendant did not present this argument to the trial court as part of his pretrial motion to suppress, and thus he waived this issue. *State v. Veburst*, 156 Vt. 133, 138, 589 A.2d 863, 866 (1991) (stating that defendant's failure to raise available suppression issues as part of pretrial motion that included different issue results in waiver of the unpreserved issue); *State v. Stanislaw*, 153 Vt. 517, 528, 573 A.2d 286, 293 (1990) (same). Under Vermont Rule of Criminal Procedure 52(b), we may consider an issue that was not preserved if we find plain error. *Veburst*, 156 Vt. at 138, 589 A.2d at 866. We will find plain error only in "the rare and extraordinary case where the error is obvious and so grave and serious that

---

* Though its conclusion is contained in a footnote, the district court recognized that the ten minute phone call with the on-call public defender satisfied defendant's right to "meaningful" consultation with a lawyer, notwithstanding defendant's complaint that the public defender unilaterally terminated the call. Because this issue is not on appeal, we consider it open for the trial court's reconsideration on remand, and make clear that our opinion relies only on the court's factual finding that the consultation occurred, and that it lasted ten minutes.

it strikes at the very heart of a defendant's constitutional rights." *Id.*

¶ 10. We find no plain error here. Specifically, we will not fault the district court for failing to conduct a sua sponte state constitutional analysis of the alleged deprivation of defendant's liberty under *Sprague*, especially when the facts involved in the instant case reveal that, unlike *Sprague*, the initial exit order in this case was lawful. See *Sprague*, 2003 VT 20, ¶¶ 30-31 (concluding that defendant's purportedly voluntary consent was tainted by exit order given without support of a "reasonable suspicion of wrongdoing"). In this case, defendant alleges a very different restraint on his liberty resulting from an officer-imposed restriction on cell-phone use after a lawful exit order supported by probable cause to suspect the very crime — DUI — for which defendant was ultimately charged. We have not previously decided this question under our state constitution. Accordingly, this is not an issue so obviously presented by the facts such that it should be noticed as plain error, and considered in the first instance on appeal.

¶ 11. The suppression remedy is important to deter unlawful police conduct. When, however, the allegedly unlawful conduct relates solely to police activity that is unconnected to the decision to take the evidentiary breath test, and has no negative consequences to the criminal charge, suppression of the breath test is inappropriate.

¶ 12. The suppression of certain statements made by defendant after the officer's refusal to let defendant place the requested roadside telephone calls, but before the consultation with the on-call public defender, stands on somewhat different footing because these may be used as evidence in the proceedings against defendant. Nonetheless, neither the district court's opinion, nor the briefing of the parties at any stage in the proceeding, indicates the content of the statements. The most we can infer about the scope of the suppression order as it pertains to defendant's statements comes from defendant's motion to suppress, which states:

> Following the dexterity testing and before the administration of the alcosensor, the Defendant asked to make a telephone call on his cell phone; the officer refused to permit him to make a call. . . . At that stage in the proceedings he was not yet under arrest and, pursuant to *State v. Carmody*, 140 Vt. 631 (1982), the officer was required to permit the telephone call. The Defendant contends that all evidence including statements and breath tests obtained after the refusal of the telephone call must be suppressed.

¶ 13. At defendant's invitation, the district court simply drew a line at the point when the officer refused to let defendant use his cell phone and suppressed all evidence thereafter acquired. In suppressing the statements, the district court relied upon *Carmody*, a decision that does not implicate constitutional rights, but instead derives its force from the Legislature's decision to afford suspects the right to counsel prior to making the decision to submit to the evidentiary breath test. 140 Vt. at 636, 442 A.2d at 1295. The district court's findings reveal that defendant's purpose in requesting the cell phone call was specifically to seek advice on whether to submit to the preliminary, nonevidentiary breath screening. The court found that "[w]hen the officer offered Mr. May the opportunity to give a breath sample on the non-evidentiary field screening device (alcosensor) Mr. May was unsure as to what to do. He told the officer he wanted to call his father again on his cell phone." Thus, it does not appear, nor has it been

argued, that defendant's intention was to seek advice on what statements he should or should not make to the officer. Accordingly, we fail to see what causal nexus exists between the refusal to permit the phone calls and any statements that were made after the officer's refusal.

¶ 14. We also reject the assertion that the officer's station-house refusal to allow defendant to consult his Connecticut lawyer prior to taking the evidentiary test warrants suppression of the statements or the evidentiary breath test results. Our holding in *State v. George*, 161 Vt. 615, 616, 640 A.2d 26, 27 (1994) (mem.), makes clear that a DUI suspect has a statutory right to consult an attorney prior to deciding whether to submit to the evidentiary test, but that the statute does not entitle the suspect to a consultation with the attorney of the suspect's choosing.

¶ 15. Though we reverse the district court's opinion on the grounds upon which it was decided, defendant still maintains that evidence may be suppressed because (1) the telephone consultation with the on-call public defender at the station prior to the evidentiary breath test did not satisfy the requirements of the statute, and (2) the UVM police officer who stopped and arrested defendant lacked authority to do so under the Vermont State Constitution, and therefore, defendant's arrest was invalid. While not expressly deciding the first question, the district court's opinion does indicate that it is disposed to deciding this issue against defendant. Nonetheless, we regard it as open for consideration on remand. The district court did not reach the second issue; thus, we also consider it open for review upon remand.

*The district court's decision on the motion to suppress is reversed, and the decision on the motion to dismiss the civil proceeding is vacated. Both the criminal and the civil cases against de-*

*fendant are remanded to the trial court for further proceedings.*

Motion for reargument denied May 10, 2005.